Charles **LIZOTTE**, Plaintiff, Appellant,

v.

**CANADIAN JOHNS–MANVILLE COMPANY, Ltd.**, Defendant, Appellee.

No. 6975.

United States Court of Appeals
First Circuit.

Dec. 5, 1967.

**608**

Daniel J. Hourihan, Boston, Mass., for appellant.

Stephen A. Hopkins, Boston, Mass., and Sherburne, Powers & Needham, Boston, Mass., on the brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

■ The plaintiff Lizotte, a citizen of Massachusetts, was injured in Massachusetts unloading a freight car allegedly negligently loaded by defendant Canadian Johns-Manville Co., Ltd., a Canadian corporation. He brought suit in the district court for the district of Massachusetts, making service upon the Secretary of the Commonwealth pursuant to Mass. Gen.Laws c. 181, § 3A. The defendant moved to dismiss for lack of jurisdiction, maintaining that it was not doing business in Massachusetts and subject to such service. The burden on this issue is, of course, upon the plaintiff. Aro Mfg. Co. v. Automobile Body Research Corp., 1 Cir., 1965, 352 F.2d 400, cert. denied 383 U.S. 947, 86 S.Ct. 1199, 16 L.Ed.2d 210. After a hearing, at which evidence was presented, the court made findings and granted defendant's motion. Plaintiff appeals.

■ The following facts were disclosed. Defendant from time to time ships abestos from Canada into the Commonwealth. It maintains no place of business here, no office, or other facilities, and no regular employees. It sells to ultimate consumers and to middlemen, or jobbers. The jobbers solicit orders for asbestos from local buyers and then in turn order, as purchasers who acquire title, from defendant or some other supplier. Defendant's only activity is shipping goods in response to orders and occasionally sending an employee who confers with local jobbers, urging them to increase their sales efforts,* and, as to one jobber, to pay its bills. The jobbers, so far as appeared, do not sell on commission, are subject to no control by defendant, and buy outright at defendant's price.

On this showing the district court found that the defendant "does not solicit any business in Massachusetts." Alternatively, it stated "the occasional visits by agents of the defendant to * * * [jobbers] is [not] the kind of solicitation of business which is considered to be 'doing business' in Massachusetts."

■ Although we agree with the court's result, we do not concur in its reasoning. While not, perhaps, the more usual type of solicitation, we think defendant clearly solicited business in Massachusetts. However, as we recently pointed out at some length in Caso v. Lafayette Radio Electronics Corp., 1 Cir., 1966, 370 F.2d 707, and need not repeat, Massachusetts law governs this issue, in the absence of constitutional objections, and Massachusetts, to date, has always required solicitation, "plus." Filling the orders solicited is not the

---

* It is apparent from the testimony that this means urging the jobbers to persuade their customers to choose, or to accept if they do not specify, defendant's asbestos rather than a competitor's.

something more that is so required. Nor are we prepared to say is sending in an employee to discuss an overdue account.

Since the sum total of defendant's activities did not measure up to the Massachusetts standard of doing business, the judgment of the District Court is affirmed.