**William A. HAHN, Plaintiff, Appellant,**

v.

**VERMONT LAW SCHOOL, et al., Defendants, Appellees.**

No. 82–1483.

United States Court of Appeals, First Circuit.

Argued Nov. 4, 1982.

Decided Jan. 21, 1983.

William A. Hahn, Stoughton, Mass., pro se, with whom Robert C. Hahn, and Hahn & Matkov, Boston, Mass., were on brief, for plaintiff, appellant.

Harrison A. Fitch, Boston, Mass., with whom Peter D. Kinder, and Fitch, Miller & Tourse, Boston, Mass., were on brief, for defendants, appellees.

Before BOWNES and BREYER, Circuit Judges, and HEMPHILL,[*] Senior District Judge.

BOWNES, Circuit Judge.

Appellant William A. Hahn, a Massachusetts resident, brought an action for declaratory and injunctive relief and damages for breach of contract against defendants-appellees Vermont Law School (VLS), a Vermont corporation, and Thomas Ross, a Vermont citizen and associate professor of law at VLS. The district court dismissed the complaint on a Fed.R.Civ.P. 12(b)(2) motion, ruling that Hahn had failed to establish *in personam* jurisdiction over either defendant pursuant to the Massachusetts long-arm statute, Mass.Gen.Laws Ann. ch. 223A § 3 (West Supp.1981). We reverse as to VLS and affirm as to Ross.

VLS is a private law school which incorporated in Vermont in 1972, obtained accreditation in 1975, and graduated its first class in 1976. Its only place of business is in South Royalton, Vermont; it has never maintained any campus, office, bank account, mailing address, or telephone listing in the Commonwealth of Massachusetts, nor is it licensed to do business there. Hahn, who received his undergraduate degree from the University of Massachusetts at Amherst, first learned of VLS from an article in the *Boston Globe* in 1977. At his request the school sent application information to him in Massachusetts. Hahn mailed an application to VLS and on March 22, 1978, the school mailed him an offer of admission. Soon thereafter Hahn mailed his acceptance and a $100 deposit to VLS. He attended VLS during the academic years 1978–79, 1979–80, and 1980–81, and graduated in June of 1981. He currently practices law in Massachusetts.

In the fall of 1980, during Hahn's third year, he took a course entitled "Secured Transactions." Ross taught this course and in January of 1981 gave Hahn an "F" on his examination. Hahn unsuccessfully followed various administrative channels at the school in an attempt to have the grade changed. He then filed this suit in which he alleges, *inter alia,* that his contract with VLS was breached when VLS hired Ross and allowed him to teach without supervision, when Ross used arbitrary grading procedures, and when the VLS administration failed to review and investigate his complaint.[1]

The law of the forum, in this case Massachusetts, applies in determining the amenability to suit of a nonresident in a diversity action. *Willis v. American Permac, Inc.,* 541 F.Supp. 118, 119 (D.Mass. 1982) (citing *Kahn Paper Co. v. Crosby,* 476 F.Supp. 1011 (D.Mass.1979); *Caso v. Lafayette Radio Electronics Corp.,* 370 F.2d 707 (1st Cir.1966)). The relevant portion of the Massachusetts long-arm statute provides that "[a] court may exercise personal jurisdiction over a person, who acts directly or

---

[*] Of the District of South Carolina, sitting by designation.

1. For an example of a contract action concerning academic grading, see *Lyons v. Regina College,* 565 F.2d 200 (1st Cir.1977), *cert. denied,* 435 U.S. 971, 98 S.Ct. 1611, 56 L.Ed.2d 62 (1978).

by an agent, as to a cause of action in law or equity arising from the person's ... transacting any business in this commonwealth ...." Mass.Gen.Laws Ann. ch. 223A, § 3 (West Supp. 1981). We have previously noted that Massachusetts courts have construed this statutory language to impose a set of constraints on the assertion of *in personam* jurisdiction in addition to the constraints imposed by the Constitution. *Nova Biomedical Corp. v. Moller,* 629 F.2d 190, 192 (1st Cir.1980). The inquiry into jurisdiction is thus twofold and a court may assert jurisdiction only when both of the following questions are answered affirmatively: "(1) is the assertion of jurisdiction authorized by the statute, and (2) if authorized, is the exercise of jurisdiction under State law consistent with basic due process requirements mandated by the United States Constitution?" *Good Hope Industries, Inc. v. Ryder Scott Co.,* 378 Mass. 1, 389 N.E.2d 76, 79 (1979).

The district court held that the Massachusetts long-arm statute did not authorize jurisdiction. The court determined that VLS had transacted business in Massachusetts by sending recruiters into the Commonwealth since 1980 to inform prelaw advisers and undergraduate students about the school. It properly cited *Ross v. Ross,* 371 Mass. 439, 358 N.E.2d 437, 439 (1976), for the proposition that the statutory language "transacting any business" is not limited to strictly commercial activity. The court found, however, that Hahn's cause of action did not arise out of this transaction of business because there was no indication in the record that VLS recruiters had visited any Massachusetts colleges while Hahn was an undergraduate. Thus, Hahn's decision to attend VLS did not result from any recruiting efforts on the school's part.

The key question is whether VLS engaged in any activity relating to Hahn's decisions to apply and to attend the school that constituted the transaction of business. The district court seemed to ignore this question, which concerns VLS' activity during the early months of 1978, and focused instead on recruiting activity two years later which had no bearing on the contract

allegedly breached. Although recruiting activity would seem to satisfy the "transacting any business" requirement, this would not preclude other VLS activity from also satisfying the requirement.

In *Nova Biomedical,* 629 F.2d at 193–94, we relied on several indications in the Massachusetts case law that the language "transacting any business" should be construed broadly. In that case the defendant mailed the Massachusetts plaintiff two letters demanding that it cease and desist from infringing the defendant's patent and threatening litigation if it failed to do so. We found that the mailing of these letters constituted transacting business; because the defendant had already been conducting some patent-related business activity in Massachusetts and was pursuing a competing line of work there we considered the letters "an attempt 'to reduce competition and thereby improve the defendant's marketing position.'" *Id.* at 195 (quoting *B & J Manufacturing Co. v. Solar Industries, Inc.,* 483 F.2d 594 (8th Cir.1973), *cert. denied,* 415 U.S. 918, 94 S.Ct. 1417, 39 L.Ed.2d 473 (1974)). We think that VLS' actions of mailing application information to Hahn in Massachusetts and then mailing him an offer of admission present a stronger case for finding the transaction of business than the defendant's actions in *Nova Biomedical;* VLS' correspondence was directly with a "customer," instead of a competitor, and resulted in a contractual relationship expected to last three years.

◼ In *Carlson Corp. v. University of Vermont,* 380 Mass. 102, 402 N.E.2d 483, 485 (1980), the Supreme Judicial Court stated "[t]here can be no doubt that physically signing a contract [by all the parties] in Massachusetts is, in literal terms, transacting business in Massachusetts ...." This statement was the extent of the court's analysis of the statutory question; its real attention focused on the constitutional issue. Like the contract before us, the *Carlson* construction contract called for services to be rendered for a period of time in Vermont. In both cases there was no solici-

tation and the Massachusetts plaintiff initiated the communications culminating in the contract. We do not see the formal signing of the contract in Massachusetts as being so significant that it would transform a case of no jurisdiction under the statute into a clear-cut case of transacting business. We need not sort out the intricacies of the law of contract formation and conclude that Hahn's contract with VLS was consummated in Massachusetts in order to hold that VLS transacted business there leading to Hahn's decision to enroll. *Cf. Vencedor Manufacturing Co. v. Gougler Industries, Inc.,* 557 F.2d 886, 890 (1st Cir.1977) (stating that such contract law technicalities are irrelevant to the central issue of fairness that should guide the application of a long-arm statute providing for jurisdiction to the limits of the constitution). The purposeful actions of VLS in mailing to Hahn in Massachusetts application information and an acceptance letter were sufficient, without more, to constitute transacting business under the broadly construed Massachusetts long-arm statute.[2]

The district court noted that this cause of action for breach of contract stemmed from activities—Hahn's receipt of a failing grade and his efforts to resolve the matter through administrative channels—occurring in Vermont. Although the Massachusetts courts have not defined the scope of the "arising from" requirement of the long-arm statute, we have no doubt that it has been satisfied when the cause of action is for an alleged breach of contract and the business transacted was instrumental in the formation of the contract. Any determination of whether VLS has breached the contract will depend upon the terms of the contract, and such terms may include statements contained in the application information and acceptance letter VLS mailed to Hahn. *See Lyons v. Salve Regina College,* 565 F.2d 200 (1st Cir.1977) (construing the language of a College Manual and Academic Information booklet as the terms of a contract between a student and college), *cert. denied,* 435 U.S. 971, 98 S.Ct. 1611, 56 L.Ed.2d 62 (1978). It does not require the expansive reading which we have noted other courts apply, see *Nova Biomedical,* 629 F.2d at 195–96 n. 9, to find that this cause of action arose from the transaction of business in Massachusetts.

Having determined that the assertion of jurisdiction in this case is authorized by the Massachusetts long-arm statute, we proceed to the question of whether the assertion of jurisdiction would comport with the requirements of due process. The well-known case of *International Shoe Co. v. Washington,* 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945), and its progeny require us to determine whether the defendant's contacts with the forum make it reasonable and not unfair to require it to defend against a suit there. The focus is on the interests and activity of the defendant. *See generally* Note, *Long-Arm Jurisdiction in Commercial Litigation: When is a Contract a Contact?,* 61 B.U.L.Rev. 375, 377–84 (1981). *International Shoe* also indicates that less is required to support jurisdiction when the cause of action arises from the defendant's contacts within the forum, as in this case, than when it does not. 326 U.S. at 317, 66 S.Ct. at 158. We have noted that the formulation of *Hanson v. Denkla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958) ("some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws"), and similar labels should not replace a practical factual analysis of the contacts in each case. *See Vencedor Manufacturing Co.,* 557 F.2d at 890.

■ It is a close question whether VLS, by sending application information and an acceptance letter to Hahn in Massachusetts, has in practical terms invoked the benefits and protections of that state's laws or "should reasonably anticipate being haled into court [there]," *World-Wide Volks-*

---

**2.** It appears that VLS mailed grade reports and tuition bills to Hahn in Massachusetts throughout his three years at the school. If so, this would merely reinforce our finding that VLS was transacting business in Massachusetts. *Cf. Good Hope Industries,* 389 N.E.2d at 80 (Evidence of transacting business includes mailing invoices to Massachusetts.).

**52**

wagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). In fact one court, on facts which appear more compelling than in the case at bar, held that a school's recruiting efforts with respect to an individual student did not subject it to jurisdiction. *Cassell v. Loyola University,* 294 F.Supp. 622 (E.D.Tenn. 1968). VLS activities with respect to Hahn, however, were not simply isolated occurrences; instead, they were part of VLS' efforts to serve the market for legal education in Massachusetts. *See World-Wide Volkswagen,* 444 U.S. at 297, 100 S.Ct. at 567. Over the years students from Massachusetts appear to have consistently comprised close to ten percent of the school's first-year class; the record indicates that there were twelve Massachusetts students in the 1978–80 first-year class. In 1980 and 1981 VLS faculty members visited five Massachusetts colleges for the purpose of recruiting. The school at times also has placed advertisements in Boston newspapers. Under these circumstances, the assertion of jurisdiction over VLS in Massachusetts does not offend traditional notions of fair play or substantial justice. *International Shoe,* 326 U.S. at 320, 66 S.Ct. at 160.

■ As for the defendant Ross, the district court found that he had not performed any recruiting activities on behalf of VLS in Massachusetts. He taught the "Secured Transactions" course solely on the VLS campus. Thus, he had not transacted any business as required by the Massachusetts long-arm statute. In addition, jurisdiction over him cannot be predicated on jurisdiction over VLS. *See Selman v. Harvard Medical School,* 494 F.Supp. 603, 614 (S.D.N.Y.1980), *aff'd,* 636 F.2d 1204 (2d Cir.1980); *cf. Escude Cruz v. Ortho Pharmaceutical Corp.,* 619 F.2d 902, 906 (1st Cir.1980) ("The general rule is that jurisdiction over the individual officers of a corporation may not be based merely on jurisdiction over the corporation."). The district court properly dismissed the complaint against Ross.

Our finding on the issue of jurisdiction over VLS does not, of course, intimate any view on the merits of the case.

*Reversed in part, affirmed in part, and remanded.*