**Arcadio A. GONZALEZ, Plaintiff,**

v.

**TEMPLE MOUNTAIN SKI RESORT, INC., Defendant.**

Civ. A. No. 85–0284–C.

United States District Court, D. Massachusetts.

July 24, 1985.

Richard J. Shea, Melick & Porter, Boston, Mass., for defendant.

MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action of tort for personal injuries brought by Arcadio A. Gonzalez, a resident of Massachusetts, for personal injuries he allegedly sustained while engaged in recreational skiing at the Temple Mountain Ski Resort in January of 1983. Jurisdiction of this Court is invoked on the basis of 28 U.S.C. § 1332(a)(1) (diversity jurisdiction). The matter is before the Court on a motion of Temple Mountain Ski Resort, Inc. to dismiss on the basis of Rules 12(b)(4), 12(b)(5), 12(b)(6) of the Federal Rules of Civil Procedure and on a motion for sum-

mary judgment filed by Temple Mountain Ski Resort, Inc. Both motions were filed on May 30, 1985 and on the same day the affidavit of Daniel Eneguess, Vice President and General Manager of Temple Mountain Ski Corporation ("Ski Corp."), was filed in support of the motions.

Local Rule 12(a)(2) provides in pertinent part:

"A party opposing a motion may file an opposition to the motion within 10 days after service of the motion, ... The party may file together with the opposition ... a separate memorandum of reasons, ... why the motion should not be granted. Affidavits and other documents setting forth or evidencing facts on which the opposition is based shall be filed with the opposition."

Despite the provisions of Rule 12 and the fact that 54 days have elapsed since the motions to dismiss and for summary judgment were filed, plaintiff has not filed an opposition, an affidavit in opposition, nor has he generated any evidence of record tending to oppose the granting of the motions.

An examination of the affidavit of Mr. Eneguess establishes without contradiction that on January 23, 1983 the Temple Mountain Ski Area in Peterborough, New Hampshire was owned and controlled by a corporation named Temple Mountain Ski Area, Inc. ("Ski Area"). The affidavit further establishes that on April 30, 1984 Ski Corp., a Delaware corporation, purchased only the assets of Ski Area which purchase was a straight asset sale. The affidavit also establishes that Ski Corp. did not assume liability for tort claims or other causes of action against the former owner, Ski Area and in fact there were no outstanding claims at the time Ski. Corp. purchased the assets.

Mr. Eneguess' affidavit further establishes that on the day on which plaintiff claims to have been injured, Ski Corp. had no ownership interest in the premises and that Ski Corp. neither expressly or impliedly agreed to assume any liability of Ski Area.

Mr. Eneguess, who is Vice President and General Manager of Ski Corp. further stated under oath that Ski Corp. does not do business or conduct any activities under the name Temple Mountain Ski Resort, Inc. and that Ski Corp. bears no legal relationship to the defendant named in the caption of this case, Temple Mount Ski Resort, Inc. and that the officers and directors of Ski Area are not officers or directors of Ski Corp.

■ I rule that the motion to dismiss should be treated as a motion for summary judgment pursuant to the provisions of Rules 12(b) and 56 of the Federal Rules of Civil Procedure. A review of the papers on file establishes that there has been monumental confusion on the part of the plaintiff as to the identity of the corporation he attempted to sue herein. It appears from the Eneguess affidavit that no such entity as Temple Mountain Ski Resort, Inc. ever existed. It further appears that when plaintiff, attempted to correct improper service of process, he caused the service of a copy of the original complaint on the President of Ski Area. That copy erroneously identified the defendant as Temple Mountain Ski Resort, Inc. It follows that there was no proper service of process as prescribed by the Federal Rules of Civil Procedure on either Ski Area, whose president was served with a document not naming it as a party defendant, or on Ski Corp. which has not been served with or named in any process in this case. Accordingly, I rule that on the basis of Rule 12(b)(4), (5), the complaint should be dismissed.

■ As a separate and independent grounds for dismissing this action, I note that defendant correctly contends that in a case based on diversity jurisdiction, this Court is required to apply the conflict of laws principles which would be applied by the courts of the Commonwealth of Massachusetts. In *Burns v. Turner Construction Co.*, 265 F.Supp. 768 (D.Ma.1967), Judge Garrity of this Court ruled (at 769),

"[t]he applicable period of limitations when the federal jurisdiction is based solely upon diversity of citizenship is the statute of limitations of the forum state."

■ Massachusetts General Laws, chapter 143 § 71P provides:

"... No action shall be maintained against a ski area operator for injury to a skier unless as a condition precedent thereof the person so injured shall, within ninety days of the incident, give to such ski area operator notice, by registered mail, of the name and address of the person injured, the time, place and cause of the injury ... an action to recover for such injuries shall be brought within one year of the date of such injury."

In the instant case the complaint was filed January 18, 1985 based on an accident which plaintiff alleges occurred on January 23, 1983 and process was served on the president of Ski Area on May 10, 1985. It follows that this action is barred by the Massachusetts statute of limitations quoted above because it was filed after the expiration of one year of the accident and it is likewise barred by failure of the complaint to contain an allegation that the 90 day notice requirement was complied with.

If a different choice of law were to be made, the only other viable alternative would be the law of New Hampshire *as the lex loci delecti.* Revised New Hampshire Statutes Annotated 225–A:25(IV) requires a 90 day notice identic to that contained in the Massachusetts statute and also provides a one year statute of limitations for the commencement of suit. Thus the action is barred for non-complaince with the New Hampshire Statute to the same extent it is barred for non-compliance with the Massachusetts statute.

Accordingly, I rule that on both of the above-described separate grounds, the motions for summary judgment should be allowed and the complaint dismissed.

Order accordingly.