**Stephen L. GRAY, Plaintiff, Appellant,**

v.

**Michael T. O'BRIEN and the Sugarloaf Mountain Corporation, Defendants, Appellees.**

No. 85-1434.

United States Court of Appeals, First Circuit.

Argued Oct. 9, 1985.

Decided Dec. 3, 1985.

Craig M. Brown with whom Richard J. Shea, Robert P. Powers, and Melick & Porter, Boston, Mass., were on brief for defendants, appellees.

Before BOWNES, Circuit Judge, TIMBERS,* Senior Circuit Judge, and TORRUELLA, Circuit Judge.

PER CURIAM.

This is a personal injury diversity action in which plaintiff sought damages for injuries he sustained in a ski accident on March 4, 1982, allegedly caused by defendants' negligent conduct. Plaintiff-appellant, Stephen L. Gray, is a New Hampshire resident. Defendants-appellees are the Sugarloaf Mountain Corporation (Sugarloaf), a Maine corporation with a principal place of business in Kingfield, Maine, and Michael T. O'Brien, a Massachusetts resident. On February 8, 1985, pursuant to defendant Sugarloaf's motion under Federal Rule of Civil Procedure 12(b)(2), the district court dismissed the complaint as to Sugarloaf because plaintiff failed to establish *in personam* jurisdiction over defendant under the Massachusetts long-arm statute, Mass. Gen.Laws Ann. ch. 223A, § 3(a). After denying plaintiff's motions to reconsider and to transfer the case to the district court in Maine, the court entered final judgment pursuant to Federal Rule of Civil Procedure 54(b). It is from this judgment that Gray appeals.[1] We affirm.

There is no dispute over the facts. At the time of the injury, Gray was the pub-

Brian G. Doherty, Hampton, N.H., for plaintiff, appellant.

* Of the Second Circuit, sitting by designation.

1. In his objection to Sugarloaf's motion to dismiss, plaintiff also argued that the motion should be denied because Sugarloaf filed a general appearance in the court and thus waived the jurisdictional issue. Under Federal Rule of Civil Procedure 12(h)(1), the filing of a general appearance does not constitute waiver. Defendant correctly preserved the question of *in personam* jurisdiction by including it in his answer. Plaintiff also contended that Sugarloaf's motion should be denied because it did not include affidavits or other documents to support the motion as required by Local Rule 12(a)(1) of the District Court of Massachusetts. The rule requires that any documents "setting forth or evidencing facts on which the motion is based" must be filed when the motion is filed. Defendant Sugarloaf only relies on one such document, the deposition of plaintiff which was taken after the initial motion to dismiss was filed. Excerpts from the deposition and a supplemental memoranda were filed December 18, 1984, pursuant to leave of the court granted December 4, 1984. These two issues have not been raised on appeal.

lisher of a weekly periodical known as the *Seacoast Scene* which was regularly distributed throughout Essex County, Massachusetts. Gray called a representative of Sugarloaf from his New Hampshire office in reference to a standing promotional invitation which he had received to the effect that if Gray was ever in the vicinity of Sugarloaf, a ski facility in Kingfield, Maine, to "stop by and say hello" or "to call in advance." After Gray told the Sugarloaf representative that he was interested in skiing there for a week, he was told that he should stop by and see the representative who would reserve ski passes for him.[2] This Gray did. Four days later, while skiing, Gray sustained several fractured neck vertebrae when he was involved in a collision with defendant O'Brien.

Although Sugarloaf advertises in the Commonwealth of Massachusetts, notably in the *Boston Globe* and the *Boston Herald,* Sugarloaf has never advertised in the *Seacoast Scene* nor did Gray secure any business or advertisements from Sugarloaf as the result of his visit in March, 1982. Prior to his ski trip, the only business contact Gray had with Sugarloaf was while he was in New Hampshire.[3] Gray had skied at the Sugarloaf ski facility over a hundred times dating back as early as 1967.

■ In diversity actions where personal jurisdiction has been challenged in responsive pleadings or by a motion to dismiss, federal courts look to state law to determine whether jurisdictional requirements have been met. *Hahn v. Vermont*

*Law School,* 698 F.2d 48, 49–50 (1st Cir. 1983). It is now well established that the Massachusetts long-arm statute imposes "a set of constraints on the assertion of *in personam* jurisdiction in addition to the restraints imposed by the Constitution." *Hahn,* 698 F.2d at 50; *Nova Biomedical Corp. v. Moller,* 629 F.2d 190, 192–93 (1st Cir.1980); *Carlson Corp. v. University of Vermont,* 380 Mass. 102, 402 N.E.2d 483, 485 (1980); *Good Hope Industries, Inc. v. Ryder Scott Co.,* 378 Mass. 1, 389 N.E.2d 76, 79–80 (1980). Thus, while the statute has been construed by the Massachusetts Supreme Judicial Court as asserting "jurisdiction over the person to the limits allowed by the Constitution of the United States," *"Automatic" Sprinkler Corp. of America v. Seneca Foods Corp.,* 361 Mass. 441, 280 N.E.2d 423, 424 (1972), the constitutional due process analysis is only reached "when some basis for jurisdiction enumerated in the statute has been established." *Morrill v. Tony,* 390 Mass. 120, 453 N.E.2d 1221, 1227 (1983) (quoting *Good Hope,* 389 N.E.2d at 80).[4]

■ The plaintiff has the burden of proving the court's jurisdiction when challenged. *Escude Cruz v. Ortho Pharmaceutical Corp.,* 619 F.2d 902, 904 (1st Cir. 1980); *Lizotte v. Canadian Johns-Manville Co.,* 387 F.2d 607, 608 (1st Cir.1967); *Aro Manufacturing Co. v. Automobile Body Research Corp.,* 352 F.2d 400, 403 (1st Cir.1965), *cert. denied,* 383 U.S. 947, 86 S.Ct. 1199, 16 L.Ed.2d 210 (1966). This burden requires plaintiff first to establish sufficient facts which support the authori-

**2.** It is not clear from the record where or how Gray received the promotional information from Sugarloaf nor what the promotional arrangement, if any, entailed. We assume, in fairness to plaintiff, that Sugarloaf was interested in media exposure and hoped that Gray would publish material in his magazine that would promote recreational skiing at the Sugarloaf ski area. Providing free lift tickets to a magazine publisher would be consistent with this.

**3.** In his brief appellant states, "it is not known to the plaintiff whether Sugarloaf has an agent

for service of process within the Commonwealth or whether it has ever sought the protection of the laws of Massachusetts." Brief of Appellant at 11.

**4.** "Although presented with jurisdictional facts sufficient to survive due process scrutiny, a judge would be required to decline to exercise jurisdiction if the plaintiff was unable to satisfy at least one of the statutory prerequisites." *Morrill v. Tony,* 390 Mass. 120, 453 N.E.2d 1221, 1227 (1983) (quoting *Good Hope,* 389 N.E.2d at 80).

zation of *in personam* jurisdiction under Mass.Gen.Laws Ann. ch. 223A, § 3 and then to establish that defendant has sufficient minimum contacts with the state to satisfy a due process analysis. *Morrill,* 453 N.E.2d at 1227. Since we find that Gray did not establish facts which would support the valid exercise of personal jurisdiction under the state long-arm statute, it is unnecessary to reach the question of whether the exercise of jurisdiction under Massachusetts law is consistent with basic constitutional due process requirements. *American Freedom Train Foundation v. Spurney,* 747 F.2d 1069, 1075 (1st Cir. 1984).

Gray argues that the court has *in personam* jurisdiction over Sugarloaf under Mass.Gen.Laws Ann. ch. 223A, § 3(a) which reads: "A court may exercise personal jurisdiction over a person, who directly acts or by an agent, as to a cause of action in law or equity arising from the person's ... transacting any business in the commonwealth ...." The phrase "transacting any business in the commonwealth" must be read together with the prior phrase "cause of action in law or equity arising from." *Singer v. Piaggio & C.,* 420 F.2d 679, 681 (1st Cir.1970); *see also American Freedom Train,* 747 F.2d at 1074; *Nova Biomedical,* 629 F.2d at 192–93. The question on appeal, therefore, is whether the district court erred in finding that Gray had not established that his injury arose from defendant's transacting business within the state of Massachusetts. *See Hahn,* 698 F.2d at 50–51.

■ Although the "transacting of any business" clause should be construed broadly "and applies to any purposeful acts by an individual, whether personal, private, or commercial," *Ross v. Ross,* 371 Mass. 439, 358 N.E.2d 437, 439 (1976); *Nova Biomedical,* 629 F.2d at 193–94, the exercise of jurisdiction under the Massachusetts long-arm statute will nonetheless fail if the cause of action did not arise from defendant's transaction of business in Massachusetts. *Mas Marques v. Digital Equipment Corp.,* 637 F.2d 24, 28 (1st

Cir.1980); *compare Hahn,* 698 F.2d at 50–51. Here, plaintiff has asserted that Sugarloaf advertised its ski facility in Massachusetts with the intent of attracting potential customers, and that Sugarloaf and plaintiff, as publisher of a regional magazine based in New Hampshire, had a promotional arrangement, independent of any Massachusetts contact, whereby Sugarloaf provided Gray with ski lift tickets in hopes that Gray would publish a favorable article in his magazine on the ski facility which, if he did, would be read in Essex County, Massachusetts.

■ Plaintiff has failed to establish how Sugarloaf's advertising in Massachusetts publications is related to his injury at the ski facility in Maine. By his own statement in the pleadings, plaintiff "was skiing at the defendant's ski area as a direct result of Sugarloaf's desire to promote its resort in the plaintiff's magazine." The business dealings, if any, between plaintiff and defendant were initiated in New Hampshire with plaintiff's telephone call to defendant and culminated in his skiing in Maine. It was plaintiff who contacted defendant to take advantage of the promotional arrangement. He did not go to Maine in response to any Massachusetts advertising by defendant.

Jurisdiction under Mass.Gen.Laws Ann. ch. 233A, § 3(a) cannot be based on a hope that an article published by a New Hampshire resident favorable to a Maine defendant will appear in a magazine which will be distributed in Massachusetts. This is much too slippery a slope for a jurisdictional footing.

*Affirmed.* Costs to appellee.