Helen MORSE and Walter J.
Morse, Plaintiffs,

v.

WALT DISNEY WORLD CO.,
Defendant.

Civ. A. No. 87–1603–C.

United States District Court,
D. Massachusetts.

Dec. 8, 1987.

Dante G. Mummolo, Christopher A. Iannella, Jr., Boston, Mass., for plaintiffs.

William J. Dailey, John A. Eklund, Sloane and Walsh, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Senior District Judge.

The plaintiffs, residents of Massachusetts, have brought this negligence action against Walt Disney World Co. for injuries allegedly incurred by Helen Morse while visiting Walt Disney World in Florida. Jurisdiction is based on diversity of citizenship. The case is now before the court on the defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) for lack of jurisdiction over the defendant.

In 1986, the plaintiffs visited Walt Disney World (Disney), an amusement park and resort located in Lake Buena Vista, Florida. Helen Morse alleges that she was injured while riding one of the attractions at Disney. The defendant is a Delaware corporation, with its principal place of business in Florida. The defendant is not registered to do business in Massachusetts. It has not paid any taxes in the state, has not appointed an agent for service of process in Massachusetts, has no assets, offices or employees in Massachusetts and maintains no bank accounts in the commonwealth. Also, the defendant does not pay for any advertising in the state. It does, however, license other companies to use its name in promoting their own goods and services. Defendant has also sent informational material to travel agents in Massachusetts.

The defendant argues that, based on these facts, the defendant does not come within reach of the Massachusetts long arm statute. The plaintiff, of course, con-

tends that the defendant's activities are sufficient to confer jurisdiction on this court.

In determining whether a federal district court has jurisdiction over the defendant in a diversity suit, the court must look to the law of the forum state. *Hahn v. Vermont Law School*, 698 F.2d 48, 49 (1st Cir.1983). Under Massachusetts law, a two-pronged analysis applies in determining whether a court has personal jurisdiction over a non-resident defendant: (1) in the assertion of jurisdiction authorized by statute; and (2) if authorized, is the exercise of jurisdiction under state law consistent with the due process requirements mandated by the United States Constitution? *Good Hope Industries, Inc. v. Ryder Scott Co.*, 378 Mass. 1, 5–6, 389 N.E.2d 76, 79 (1979). Both requirements must be satisfied before jurisdiction may be asserted.[1] When the defendant claims that it is not subject to jurisdiction in Massachusetts, the plaintiff has the burden of establishing facts sufficient to support the conferral of jurisdiction over the defendant. *Droukas v. Divers Training Academy, Inc.*, 375 Mass. 149, 151 376 N.E.2d 548, 549 (1978); *Lizotte v. Canadian John–Manville Co., Ltd.*, 387 F.2d 607, 608 (1st Cir.1967).

The pertinent part of the Massachusetts long arm statute provides, "A Court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth...." Mass. Gen.L. ch. 223A § 3 (1985). This statute itself requires a two-part analysis: (1) did the defendant engage in any business in Massachusetts; and if so, (2) did the plaintiff's cause of action arise out of that business? *Marino v. Hyatt Corp.*, 793 F.2d 427, 428 (1st Cir.1986).

The language "transacting any business" is to be construed broadly, and reaches any purposeful acts, whether personal, private, or commercial. *Bond Leather Co., Inc. v.*

*Q.T. Shoe Mfg. Co., Inc.* 764 F.2d 928, 931 (1st Cir.1985). As a result, this requirement is relatively easy to satisfy. In *Bond Leather Co.*, for instance, an Ohio corporation guaranteed payment for credit extended by a Massachusetts corporation to a New Jersey corporation. In the course of this transaction, the Ohio corporation sent four letters and made one telephone call to the Massachusetts corporation. The First Circuit Court of Appeals held that this activity was sufficient to satisfy the statutory requirement of "transacting any business" in the state. *Bond Leather Co.*, 764 F.2d at 932.

In this case, the defendant sent information to travel agents in the state. The defendant accepted reservations and payments from the plaintiff in Massachusetts. The defendant also sent correspondence to the plaintiffs' home in Massachusetts, including billing invoices, written confirmations, and promotional literature. These purposeful acts are sufficient to satisfy the requirement that the plaintiff transact business within the state. *See also Knox v. Walt Disney World Co.*, No. 82–2980–K, slip op. (D.Mass. Feb. 15, 1983); *Marsella v. Walt Disney World Co.*, No. 84–3045–W, slip op. (D.Mass. Sept. 30, 1985).

A more difficult question is presented in determining whether the plaintiff's cause of action arises from the defendant's in-state activities. In *Marino v. Hyatt Corp.*, 793 F.2d 427 (1st Cir.1986), the plaintiff, a Massachusetts resident, was injured when she fell in a hotel operated by the defendant in Hawaii. The defendant clearly met the requirement of transacting business in Massachusetts, since the defendant operated several hotels in Massachusetts, regularly advertised and solicited business within the commonwealth, and contracted with the plaintiff in Massachusetts to reserve a room for her. *Id.* at 428. The court went on to note, however, that the plaintiff's injuries did not arise from

---

1. While these considerations are separate and distinct in theory, they often merge in practice. The Massachusetts Supreme Judicial Court has noted that the statute asserts jurisdiction to the limits allowed by the constitution. *Good Hope Industries, Inc. v. Ryder Scott Co.*, 378 Mass. 1, 6,

389 N.E.2d at 79 (1979). Nevertheless, the exercise of jurisdiction under the statute must fail if the plaintiff does not satisfy at least one of the statutory requirements. *Id.* at 6, 389 N.E.2d at 79–80.

any of these activities. *Id.* at 430. In doing so, the court distinguished between cases for breach of contract and cases for negligence. While a breach of contract action could be said to arise from a contract to reserve a hotel room, a personal injury action does not. *Id.* at 430. *Compare Hahn v. Vermont Law School*, 698 F.2d 48 (1st Cir.1983) (the "arising from" requirement is satisfied when the cause of action is for breach of contract and the business transacted was instrumental in the formation of that contract). The court noted that the reservation contract was immaterial to the plaintiff's slip-and-fall case. *Marino*, 793 F.2d at 430.

This case is similar to *Marino*. The in-state transactions on which jurisdiction is based were primarily for the purposes of soliciting business and reserving a room for the plaintiff.[2] The connection between these transactions and the events which led to the plaintiffs' injuries is too tenuous to say that the injuries "arose out of" the transactions.[3] Because the plaintiffs cause of action for negligence does not arise out of the defendant's transactions in Massachusetts, this court may not exercise jurisdiction under Mass.Gen.L. ch. 223A § 3(a). Accordingly, the defendant's motion to dismiss for lack of jurisdiction should be granted.

Order accordingly.

---

**2.** In addition to the activities listed above, the defendant also licensed other corporations to use its name in their advertising campaigns within Massachusetts. There is some question as to whether the licensing of others to use one's name in an advertising campaign that is neither controlled nor paid for by the defendant constitutes transacting business in Massachusetts *See Droukas v. Divers Training Academy, Inc.*, 375 Mass. 149, 153, 376 N.E.2d 548, 550 (1978) (there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state). *But see Knox v. Walt Disney World Co.*, No. 82–2980–K, slip op. (D.Mass. Feb. 15, 1983); *Marsella v. Walt Disney World Co.*, No. 84–3045–W, slip op. (D.Mass. Sept. 30, 1985). Because this consideration does not affect the outcome of this case, however, the Court does not pass on that issue here.

**3.** *See also Pearrow v. National Life & Accident Insurance Co.*, 703 F.2d 1067 (8th Cir.1983) (plaintiff's cause of action arising from a slip-and-fall in defendant's place of business in Tennessee did not arise out of the defendant's solicitation of plaintiff in Arkansas for the purposes of Arkansas' long-arm statute). Under facts exactly similar to those here, the Massachusetts District Court came to the opposite conclusion in *Knox v. Walt Disney World Co.*, No. 82–2980–K, slip op. (1983), and *Marsella v. Walt Disney World Co.*, No. 84.–3045–W, slip op. (1985). Those cases, however, were decided prior to *Marino*, which mandates the conclusion reached here.