**Heather J. CANNING and Joyce L. Canning, Plaintiffs,**

v.

**GUNSTOCK AREA COMMISSION, individually and d/b/a Gunstock Recreation Area, Defendant.**

Civ. A. No. 88–0490–C.

United States District Court,
D. Massachusetts.

Sept. 21, 1988.

---

Robert C. Canning, Boyle Sorgi & Thrasher, Norwell, Mass. for plaintiffs.

Richard Shea, Melick & Porter, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Senior District Judge.

The plaintiffs, residents of Massachusetts, have brought this negligence action against the Gunstock Area Commission ("Gunstock"), a New Hampshire corporation. Jurisdiction in this case is based on diversity of citizenship. The case is now before the Court on the defendant's motion to dismiss for lack of personal jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(2). The defendant asks, in the alternative, for a change of venue to the United States District Court for the District of New Hampshire, pursuant to 28 U.S.C. § 1404.

On March 7, 1987, the minor plaintiff, Heather Canning, was injured as a result of a fall while skiing on the defendant's premises in Laconia, New Hampshire. The plaintiffs argue that the injury was caused by defendant's alleged negligence, including a failure to provide adequate ski in-

struction and insufficient trail grooming. The defendant points out that the injury occurred exclusively within the state of New Hampshire, and argues that the plaintiffs' cause of action does not arise out of any business transaction, solicitation, or minimum contacts of the defendant with Massachusetts. The defendant accordingly asks the Court to dismiss plaintiffs' complaint for lack of personal jurisdiction over Gunstock.

In a diversity action where the defendant has challenged personal jurisdiction, the district court must look to the law of the forum state to determine whether the jurisdictional requirements are satisfied. *Hahn v. Vermont Law School,* 698 F.2d 48, 49 (1st Cir.1983); *Morse v. Walt Disney World Co.,* 675 F.Supp. 42, 43 (D.Mass. 1987). The Massachusetts long-arm statute, Mass.Gen.L.Ann. ch. 223A § 3 (West 1985), imposes restraints on the Court's exercise of jurisdiction over a non-resident in addition to the due process requirements under the United States Constitution. *Gray v. O'Brien,* 777 F.2d 864, 866 (1st Cir.1985); *Carlson Corp. v. University of Vermont,* 380 Mass. 102, 105, 402 N.E.2d 483 (1980). A two-pronged analysis therefore applies: (1) does the long-arm statute authorize jurisdiction over the non-resident defendant, and (2) if so, would the exercise of jurisdiction under the circumstances be consistent with basic due process requirements mandated by the United States Constitution? *Morse v. Walt Disney World Co.,* 675 F.Supp. at 43. Given that we find the plaintiffs have not established facts sufficient to support the valid exercise of jurisdiction under the Massachusetts long-arm statute, it is unnecessary to reach the question of whether such an exercise of jurisdiction would be consistent with due process requirements.[1] *American Free-*

---

[1] The plaintiffs also argue that this Court has personal jurisdiction over Gunstock under Mass.Gen.L.Ann. ch. 223 § 38 (West 1985). Plaintiffs, however, have not established facts necessary to support a finding that Gunstock's activities in Massachusetts closely approximate the regular conduct of a domestic corporation. *Compare Howse v. Zimmer Mfg. Co., Inc.,* 757 F.2d 448 (1st Cir.1985). Plaintiffs' assertion in their opposing memorandum that the defendant

has executed "thousands" of business transactions in Massachusetts is too vague and conclusory to serve as a sufficient foundation to support this Court's exercise of personal jurisdiction over Gunstock. Moreover, the statement of plaintiffs' counsel at the September 15 jurisdictional hearing that he "believes" Gunstock regularly does substantial business in Massachusetts clearly does not constitute affirmative proof of the Court's jurisdiction.

*dom Train Foundation v. Spurney,* 747 F.2d 1069, 1075 (1st Cir.1984).

It is well-established that when the defendant has challenged the court's *in personam* jurisdiction, the plaintiff has the burden of proving the court's jurisdiction. *Gray v. O'Brien,* 777 F.2d at 866; *Catrone v. Ogden Suffolk Downs, Inc.,* 647 F.Supp. 850, 856 (D.Mass.1986). To establish personal jurisdiction, the plaintiff must go beyond the pleadings and make affirmative proof. *Chlebda v. H.E. Fortna & Brother, Inc.,* 609 F.2d 1022 (1st Cir.1979). As the court in *Val Leasing, Inc. v. Hutson,* 647 F.Supp. 53 (D.Mass.1987), stated: "[T]hrough affidavits and other competent evidence, a plaintiff must make out a *prima facie* case for the existence of personal jurisdiction, demonstrating at a minimum that there is competent evidence to support each of the relevant jurisdictional prerequisites." *Id.* at 55. Though we recognize that this standard requires only a threshold showing, *North American Video Corp. v. Leon,* 480 F.Supp. 213, 215–16 (D.Mass. 1979), we find that the plaintiffs have failed to meet this burden in the present case.

Discovery regarding the issue of personal jurisdiction was to be completed by September 10, 1988. At the time the parties presented arguments before this Court at a jurisdictional hearing on September 15, plaintiffs' counsel had not conducted any discovery on the jurisdictional issue. In response to the defendant's motion to dismiss and the supporting memorandum, the plaintiffs submitted a memorandum in opposition to Gunstock's motion the day of the hearing. Plaintiffs' memorandum was not accompanied by affidavits or other competent evidence on the jurisdictional issue. The memorandum merely advanced bare allegations regarding the defendant's promotional activities, advertising, and ticket sales in Massachusetts.

Despite the September 10 discovery deadline on the jurisdictional issue, plaintiffs' memorandum asserted that subsequent pre-trial discovery would document the plaintiffs' allegations as to the Court's *in personam* jurisdiction over Gunstock. The plaintiffs failed to acknowledge that their discovery opportunity had lapsed without any evident attempt made by the plaintiffs to carry their burden of proof on the jurisdictional issue. Though plaintiffs had been afforded an opportunity to produce affirmative proof of jurisdictional prerequisites, they did not take advantage of this opportunity.

Even if the plaintiffs had submitted affirmative proof of the defendant's transaction of business in Massachusetts sufficient to satisfy § 3(a) of the long-arm statute, plaintiffs have failed to establish how the defendant's alleged in-state activity gave rise to Heather Canning's injury. Under the Massachusetts long-arm statute, the plaintiffs must establish not only that the defendant transacts business in state, but that the cause of action arises from the in-state activity. *Marino v. Hyatt Corp.,* 793 F.2d 427, 428 (1st Cir.1986); *Morse v. Walt Disney World Co.,* 675 F.Supp. at 43. The allegations advanced in plaintiffs' memorandum opposing the defendant's motion to dismiss do not establish a nexus between Gunstock's alleged activities in Massachusetts and Heather Canning's personal injury sufficient to satisfy the requirements of the long-arm statute. *See, e.g., Gray v. O'Brien,* 777 F.2d at 867 (plaintiff failed to establish how the defendant's advertising in Massachusetts was related to his ski injury in New Hampshire).

Based on the above, the plaintiffs have failed to carry the requisite burden regarding this Court's *in personam* jurisdiction under the Massachusetts long-arm statute. It is therefore unnecessary to consider whether constitutional due process constraints would be satisfied by this Court's exercise of personal jurisdiction over the defendant. It is also not necessary to consider the defendant's alternative request for a change of venue. Accordingly, the defendant's motion to dismiss for lack of personal jurisdiction should be granted.

Order accordingly.