Robert TIDGEWELL, Plaintiff,

v.

LOON MOUNTAIN RECREATION
CORPORATION, Defendant.

Civ. A. No. 91–10685–WF.

United States District Court,
D. Massachusetts.

April 27, 1993.

Dennis E. McMahon, Zamperelli & McMahon, Medford, MA, for plaintiff.

Kathleen L. Moncata, Melick & Porter, Boston, MA, for defendant.

## MEMORANDUM AND ORDER

WOLF, District Judge.

Plaintiff Robert Tidgewell was injured on March 2, 1989 while skiing at Loon Mountain, a ski resort owned and operated in New Hampshire by defendant Loon Mountain Recreation Corporation ("Loon Mountain"). This action was filed on March 1, 1991. The defendant has filed a Motion to Dismiss arguing that: 1) the court lacks personal jurisdiction over the defendant, Fed.R.Civ.P. 12(b)(2); and 2) the plaintiff initiated this action beyond Massachusetts' one year statute of limitations, Mass.Gen.L. ch. 143, § 71P. For the following reasons the court finds it has personal jurisdiction over the defendant, but that this case must be dismissed because it was filed after the applicable statute of limitations had expired.

### I. *Personal Jurisdiction*

This court may exercise personal jurisdiction over nonresident defendants if the requirements of the Massachusetts "Long–Arm Statute", Mass.Gen.L. ch. 223A, § 3(a), and the Due Process Clause of the United States Constitution are satisfied. *See Good Hope Industries v. Ryder Scott Co.,* 378 Mass. 1, 6, 389 N.E.2d 76 (1979). Plaintiffs have the burden of showing facts necessary to sustain jurisdiction, *Escude Cruz v. Ortho Pharmaceutical Corp.,* 619 F.2d 902, 904 (1st Cir.1980), and must go beyond the pleadings and make affirmative proof, *Chlebda v. H.E. Fortna and Brother, Inc.,* 609 F.2d 1022, 1024 (1st Cir.1979).

The defendant asserts that the plaintiff has failed to meet the requirements for personal jurisdiction set forth in Mass.Gen.L. ch. 223A, § 3(a). This statute provides, in pertinent part:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or in equity arising from the person's (a) transacting any business in the Commonwealth ... Mass.Gen.L. ch. 223A, § 3(a).

It is not enough for the purposes of Section 3(a) that a defendant transact business in Massachusetts. The cause of action itself must arise from the defendant's transacting business in Massachusetts. *Marino v. Hyatt Corp.,* 793 F.2d 427, 428 (1st Cir.1986).

It is undisputed that Loon Mountain "transacts business" within the Commonwealth of Massachusetts by virtue of its advertising, promotional activities and solicitations. The critical question for determining whether this court has jurisdiction over the defendant is whether Tidgewell's cause of action "arises from" Loon Mountain's business activities within the Commonwealth of Massachusetts. *Morse v. Walt Disney World,* 675 F.Supp. 42, 43 (D.Mass.1987); *Canning v. Gunstock Area Commission,* 695 F.Supp. 602, 604 (D.Mass.1988).

The defendant asserts that Tidgewell's injuries do not "arise from" its transaction of business in Massachusetts because its solicitations bear no causal nexus to the alleged negligence at issue here, which involves events occurring exclusively within the State of New Hampshire. The plaintiff, however, asserts in his affidavit that he was attracted to Loon Mountain because the ski area was advertised as having safe ski conditions. More specifically, plaintiff states the reason he decided to ski Loon Mountain was because he had read advertisements in Boston newspapers and heard advertisements on the radio promoting the ski area as having "safe and other optimum ski conditions." Affidavit of Robert Tidgewell (Tidgewell Aff.) ¶ 1, 2.

Accordingly, the evidence indicates Loon Mountain emphasized safety in advertising in Massachusetts for the purpose of encouraging Massachusetts residents to visit the New Hampshire facility. Thus, the plaintiff has, for the purposes of this motion to dismiss, demonstrated that the advertisements bear a sufficient nexus to the alleged skiing accident in New Hampshire to at least place in genuine dispute whether his injuries arose from the transaction of business in Massachusetts. *See Patricia Knox v. Walt Disney World Co.,* Civ. Action 82–2980 (D.Mass.1983); *compare Gray v. O'Brien,* 777 F.2d 864, 867 (1st Cir. 1985) (plaintiff failed to establish how the defendant's advertising was related to his ski injury in New Hampshire).

This case is distinguishable from *Canning v. Gunstock Area Commission,* where the court found that no nexus between plaintiff's injury at defendant's ski area and defendant's activities in Massachusetts had been proven. 695 F.Supp. at 604. In *Canning,* the plaintiff did not provide an affidavit or other competent evidence on the jurisdictional issue, but relied upon bare allegations regarding the defendant's promotional activities and advertising in Massachusetts. *Id.* In this case, Tidgewell has provided an affidavit providing the evidence absent in *Canning.*

Similarly, this case is distinguishable from *Morse v. Walt Disney World Co.,* in which defendant's solicitation of business within the Commonwealth and plaintiff's injury on defendant's premises in Florida was held "too tenuous" to conclude that the injuries "arose out of" the transaction of business that solicitation represented. 675 F.Supp. at 44. In contrast to *Morse,* the plaintiff in this case has presented evidence that he was drawn to the place of his injury because it was advertised as safe. Tidgewell Aff. ¶ 2, 3, 4.

Accordingly, the court finds that the evidence establishes a sufficient nexus between the defendant's solicitations and advertisements in Massachusetts and the plaintiff's injury at the defendant's ski area in New Hampshire to satisfy the requirements of Mass.Gen.L. ch. 223A, § 3(a).

■ In addition, the evidence demonstrates that the assertion of personal jurisdiction in this case satisfies the requirements of due process. Due process requires that a defendant have sufficient contact with the forum state so that an exercise of long arm jurisdiction will not offend "traditional conceptions of fair play and substantial justice", *International Shoe Co. v. Washington,* 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945), and so that a defendant should reasonably anticipate being haled into court there, *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). In addition, a plaintiff must show that a defendant has "purposely availed [himself] of the privilege of conducting activities within the forum state, thus invoking the benefits and protec-

tion of its laws". *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

Loon Mountain solicited business in Massachusetts by deliberately advertising the safety of its ski facility. In these circumstances, it was foreseeable that it might be sued in Massachusetts by individuals attracted by that advertising and injured at Loon Mountain. It is fair to require Loon Mountain to litigate in Massachusetts, where it chose to do business. Thus, requiring Loon Mountain to defend this case in Massachusetts satisfies the requirements of due process. *See Burger King v. Rudzewicz,* 471 U.S. 462, 473–74, 105 S.Ct. 2174, 2182–2183, 85 L.Ed.2d 528 (1985); *Good Hope Industries v. Ryder Scott Co.,* 378 Mass. 1, 6, 389 N.E.2d 76 (1979); *"Automatic" Sprinkler Corp. of America v. Seneca Foods Corp.,* 361 Mass. 441, 443, 280 N.E.2d 423 (1972).

## II. *Statute of Limitations*

■ Because plaintiff filed this action more than one year from the date of his injury, defendant contends that the action is barred by Mass.Gen.L. ch. 143 § 71P, which provides a one-year statute of limitations for actions against ski area operators. Plaintiff, however, insists that New Hampshire's two-year statute of limitations, N.H.Rev.Stat. Ann. 225–A:25, applies to this case. Since plaintiff filed this action within the two-year period prescribed by New Hampshire law, plaintiff's right to maintain this case depends on whether New Hampshire law or Massachusetts law governs this case.

■ When resolving conflict of law issues, federal courts sitting by virtue of diversity jurisdiction must apply the conflict rules of the forum state. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941); *Roy v. Star Chopper Co, Inc.,* 584 F.2d 1124, 1128 (1st Cir.1978), *cert. denied,* 440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed.2d 466 (1979). Therefore, the court must look to Massachusetts conflict of law rules to determine whether the Massachusetts or New Hampshire statute of limita-

tions governs this case. *Reisch v. McGuigan,* 745 F.Supp. 56, 58 (D.Mass.1990); *Gonzales v. Temple Mountain Ski Resort, Inc.,* 613 F.Supp. 354, 355 (D.Mass.1985). In Massachusetts, statutes of limitations are considered matters of procedure governed by the law of the forum state. *See Hemric v. Reed & Prince Mfg. Co.,* 739 F.2d 1, 2 (1st Cir. 1984); *Alves v. Siegel's Broadway Auto Parts, Inc.,* 710 F.Supp. 864, 867 (D.Mass. 1989); *Wilcox v. Riverside Park,* 21 Mass. App.Ct. 419, 421, 487 N.E.2d 860 (1986), *rev'd on other grounds,* 399 Mass. 533, 505 N.E.2d 526 (1989). Therefore, Massachusetts law applies in determining whether a plaintiff's claim is barred by a statute of limitations. *See Hemric* at 2; *Wilson v. Hammer Holdings, Inc.,* 671 F.Supp. 94, 96 (D.Mass.1987), *aff'd* 850 F.2d 3 (1st Cir.1988).

Plaintiff's argument that New Hampshire's statute, N.H.Rev.Stat.Ann. 225–A:25, should apply because it can be considered substantive, is without merit. Plaintiff argues that where a statute of limitations is part of a substantive statute, the limitations period should be considered substantive law and the law of the place where the wrong occurred should apply. Courts in other jurisdictions have considered certain statutes of limitations as substantive. *Cox v. McDonnell–Douglas,* 665 F.2d 566, 571 (5th Cir.1982); *Chauffeurs, Teamsters, Warehousemen and Helpers Local Union No. 135 v. Jefferson Trucking Co., Inc.,* 628 F.2d 1023, 1027 (7th Cir.1980). Massachusetts, however, has not recognized such an exception to the long-standing rule that statutes of limitations are procedural and are therefore determined by the law of the forum, and its choice of law decisions reveal no inclination toward recognizing such an exception. *See Hemric v. Reed & Prince Mfg. Co.,* 739 F.2d at 2 ("[W]e are aware of no case suggesting that Massachusetts would abandon the traditional rule that the local law of the forum determines whether an action is barred by a statute of limitations."); *Alves v. Siegel's Broadway Auto Parts, Inc.,* 710 F.Supp. at 868 (same); *Wilson v. Hammer Holdings, Inc.,* 671 F.Supp. at 96 ("While Massachusetts has adopted modern choice of law analysis for substantive contract law issues, statutes of limitations are considered procedural rather than substantive."); *Wilcox v. Riverside Park,* 21 Mass.App.Ct. at 421, 487 N.E.2d 860. Therefore, Mass.Gen.L. ch. 143, § 71P governs this case.

Accordingly, plaintiff may not maintain this case because it was filed too late. More specifically, under Massachusetts' law, an action against a ski area operator for injury to a skier "shall be brought within one year of the date of such injury." Mass.Gen.L. ch. 143, § 71P. Tidgewell was injured on March 2, 1989, and filed this action on March 1, 1991. Thus, the requirements of Massachusetts law have not been met.

### III. *Conclusion*

For the foregoing reasons this court has personal jurisdiction over Loon Mountain Recreation Corporation, but this case must be dismissed.

The court has considered the possibility of transferring this case to the United States District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1404(a). However, the transferee court would be required to apply the law of the state in which the transferor court sits, Massachusetts. *See Ferens v. John Deer Co.,* 494 U.S. 516, 531, 110 S.Ct. 1274, 1283, 108 L.Ed.2d 443 (1990); *Van Dusen v. Barrack,* 376 U.S. 612, 642, 84 S.Ct. 805, 822, 11 L.Ed.2d 945 (1964). The plaintiff would, therefore, face in the District of New Hampshire the same bar to his action; the Massachusetts one-year statute of limitations would apply.

### IV. *Order*

For the foregoing reasons, the defendant's motion to dismiss is hereby ALLOWED. This is not, however, a decision on the merits of the case and plaintiff's action is dismissed without prejudice to any right he may have to refile his action in the State of New Hampshire.[1]

---

1. The court notes, without deciding, that New Hampshire Rev.Stat. § 508:10 may allow the plaintiff an opportunity to refile his action in New Hampshire within one year.