MASSACHUSETTS SCHOOL OF LAW AT ANDOVER, INC., Plaintiff,

v.

AMERICAN BAR ASSOCIATION (an unincorporated association existing until December 7, 1992), American Bar Association (an Incorporated Trade Association existing since December 7, 1992), The Association of American Law Schools, James P. White, Steven Smith, Peter Winograd, Richardson W. Nahstoll, Rennard Strickland, Jose Garcia–Pedrosa, John E. Ryan, Claude R. Sowle, Frank K. Walwer, Pauline A. Schneider, Erica Moeser, and Diane Yu, Defendants.

No. 95–CV–12320–MEL.

United States District Court, D. Massachusetts.

Feb. 13, 1997.

Michael L. Coyne, Peter M. Malaguti, Andover, MA, for Plaintiff.

Joseph L. Kociubes, Jonathan M. Albano, Peter J. Mancusi, Bingham, Dana & Gould, L.L.P., Boston, MA, for American Bar Ass'n, New England School of Law, James P. White, Steven Smith, Peter Winograd, Richard W. Nahstoll, Rennard Strickland, Jose Garcia-Pendrosa, John E. Ryan, Claude R. Sowle, Frank K. Walwer, Pauline A. Schneider, Erica Moeser, Rudolph C. Hasl, Henry Ramsey, Jr., Diane Yu.

Vincent M. Amoroso, Peabody & Arnold, Joseph L. Kociubes, Jonathan M. Albano, Peter J. Mancusi, Bingham, Dana & Gould, L.L.P., Boston, MA, Robert A. Burgoyne, Fulbright & Jaworski, L.L.P., Washington, DC, for the Ass'n of American Law.

David T. Pritikin, David R. Stewart, Sidley & Austin, Darryl L. DePriest, Catherine A. Daubard, American Bar Association, Chicago, IL, for Defendants.

LASKER, District Judge.

Massachusetts School of Law sues the American Bar Association, New England School of Law, American Association of Law Schools and fourteen individuals on claims growing out of the ABA's failure to accredit MSL. Pursuant to F.R. Civ. P. 12(b)(2), eight of the individual defendants move to dismiss for lack of personal jurisdiction over them. The moving defendants are: Rudolph C. Hasl, Erica Moeser, Henry Ramsey, Jr., John E. Ryan, Pauline A. Schneider, Claude R. Sowle, Frank K. Walwer, and Diane C. Yu. The motion is granted as to all of the movants.

MSL asserts that this Court has personal jurisdiction over the movants under the provisions of M.G.L. c. 223A, § 3. MSL contends that the movants, as members of the ABA's Accreditation Committee, participated in and are liable for ABA's allegedly wrongful denial of accreditation to MSL. The general facts relevant to this motion are as follows:

MSL sent its application for provisional accreditation to the appropriate ABA office in Indianapolis, Indiana.

On February 6, 1993, the Council of the Section of Legal Education and Admissions to the Bar (the Council) held a meeting in Boston in conjunction with the ABA midyear meeting. Hasl, Moeser, Ramsey and Ryan attended the Council meeting. At that meeting, the Council postponed a previously scheduled date for MSL's site evaluation.[1]

According to the affidavit of James P. White, Consultant on Legal Education to the American Bar Association, MSL had requested that the site evaluation be made under conditions specified by it, including the requirement that its representatives be present for all interviews and that all conversations be tape-recorded. Concerned that such arrangements might interfere with a candid accrediting evaluation, the Council deferred the site visit pending further discussions with MSL. Thereafter, MSL withdrew its re-

---

1. Ryan was present at the Council meeting but did not take part in the decision to postpone the · MSL site inspection. (Ex. 4 in support of motion, at ¶ 6).

quests for such pre-conditions and the site evaluation visit took place on March 3–6, 1993. None of the persons who participated in the site evaluation is among the movants.

On June 23, 1993, the Accreditation Committee met at the Brooklyn Law School in Brooklyn, New York. Representatives of MSL made a presentation relating to the school and answered questions. During that meeting, the Committee voted to recommend against provisional accreditation for MSL.

On June 24–27, 1993, the Accreditation Committee continued its meeting, now at Nantucket Island, Massachusetts. The subject of MSL's accreditation was not part of the Nantucket agenda, and no discussions regarding it took place at that meeting.

MSL appealed the Committee's decision to the Council which met in New York City on August 5–6, 1993 and which voted against granting provisional accreditation to MSL. A further and final appeal was made to the House of Delegates which, on February 8, 1994, denied the appeal.

*The Movants' Contacts with Massachusetts*

Each of the movants has submitted an affidavit relating to his or her contacts with Massachusetts. Appendix A to this opinion is a digest of the material contained on that subject in the movants' affidavits. In sum, they establish that none of the movants has ever owned real property in Massachusetts; none has ever sent letters into Massachusetts; none has ever had oral communications with MSL representatives in Massachusetts (except that Claude Sowle prepared the draft of the action letter of July 1, 1993 for the signature of James White, informing MSL of the Accreditation Committee's recommendation; but Sowle has not individually sent any letters to MSL in Massachusetts).

None of the movants has ever been employed in Massachusetts, except that Hasl was a member of the armed services, stationed in Fort Devens for several months in 1971. None of the movants has ever resided in Massachusetts. None of the movants has ever visited MSL or was a member of the site's evaluation committee. In sum, the only contact that any of the defendants has ever had with Massachusetts was his or her pres-

ence at one or both of the Massachusetts meetings.

Hasl, Moeser, Ramsey, Ryan, Schneider and Yu were present at the February 6 meeting of the Council in Boston, but Sowle and Walwer were not. All of the movants were present at the Brooklyn meeting of June 23, 1993, but Ryan was present to vote only to break a tie. All of the movants, except Ramsey, were present at the Nantucket meeting June 24–27.

Hasl, Moeser, Ramsey, Sowle and Yu were members of the Council; Ryan, Schneider and Walwer were not. All of the movants, except Ramsey, were members of the Accreditation Committee.

*Massachusetts General Law Chapter 223A, Section 3*

■ MSL asserts that jurisdiction over the movants exists under M.G.L. c. 223A, § 3(a), (c) and (d). Neither the ABA nor the movants challenge the Court's jurisdiction over the ABA. However, jurisdiction over the ABA does not confer jurisdiction over the movants as agents. *Hahn v. Vermont School of Law,* 698 F.2d 48, 52 (1st Cir.1983) (although the court had jurisdiction of the law school, no jurisdiction existed over a professor at the school who had transacted no business in the Commonwealth). Accordingly, the fact that the movants were members of the ABA Council or Accreditation Committee is insufficient to confer jurisdiction over them.

*Section 3(a)*

■ To establish jurisdiction under 3(a), it must be demonstrated that the defendant transacted business within the Commonwealth, and that the cause of action arises from such business.

MSL's assertion that the movants have "transacted business" in Massachusetts appears to depend entirely on the allegation that some, but not all, of the movants "participated in harming MSL" while present in Boston in February 1993, and that some, but not all, of the movants who participated in the meeting at Nantucket on June 23–24,

1993 were present and again allegedly participated in "acts harming MSL." (Complaint, paragraphs 11–18).

It is true that four of the movants were present at the Boston meeting of February 6, 1993, but the sole action taken as to MSL at that time was a postponement of the site evaluation which actually took place a few weeks later. It is also true that seven of the movants attended the meeting at Nantucket, but at that meeting, MSL's application was not even on the agenda because the Committee had already voted the day before, in Brooklyn, New York, not to recommend MSL for provisional accreditation.

In sum, neither presence at one or both of these meetings is sufficient to constitute the transaction of business within Massachusetts by any of the movants, not only because of the brevity and limited nature of the meetings, but because allegations of the complaint notwithstanding, the evidence establishes that the sole action taken against MSL in Boston on February 6, 1993 was the non-tortious act of postponing the visit, which took place shortly thereafter, and that the meeting at Nantucket simply did not involve MSL.

■ However, even if it were concluded that any of the movants transacted business within the Commonwealth, jurisdiction would still not exist under 3(a) because the causes of action articulated in the complaint did not arise from any such alleged business transaction. The standard for determining whether a cause of action arises from transaction of business in Massachusetts is specified in *Tatro v. Manor Care, Inc.*, 416 Mass. 763, 770–71, 625 N.E.2d 549 (1994). There the Supreme Judicial Court held that the question for determination is whether a claim "was made possible by, or lies in the wake of, the transaction of business in the forum state." The complaint in the present case gives no clue as to how the causes of action growing out of the denial of provisional accreditation are connected with any of the movants' activities in Massachusetts, that is, with the Boston or Nantucket meetings, at neither of

which the denial of accreditation occurred. Nor is the insufficiency remedied by such general allegations in the complaint as that the individual defendants "have personally engaged in unlawful activities in Massachusetts" or by the allegations that:

> the individual defendants, the ABA and the AALS have often claimed, publicly and privately, that their accreditation activities merely seek to assure that students get a quality legal education. However, this claim was recently exposed as false by the United States Department Justice (DOJ). In a June 27, 1995 complaint which charged violation of the federal anti-trust laws (Exhibit "A") and which was settled by a consent decree entered by the ABA that same day (Exhibit "B") . . .

Whatever the relevance, if any, of such allegations against the ABA may be in this litigation, the material is utterly relevant as to the moving "individual defendants." The sole defendant in the action brought by the DOJ is the ABA. None of the individual defendants is named. Moreover, the very first provisions of the consent decree itself (Exhibit "B" to the Complaint) specify that the plaintiff and the ABA

> have consented to the entry of this Final Judgment without trial or adjudication of any issue of fact or law. This Final Judgment shall not be evidence of admission by any party with respect to any issue of fact or law.

*Section 3(c)*

■ Section 3(c) of the statute authorizes personal jurisdiction of a non-resident who causes "tortious injury" by an "act or omission in this Commonwealth." To establish jurisdiction under section 3(c), it must be demonstrated that the alleged tortious injury occurred in Massachusetts. The complaint here fails to do so as to the movants, for the reasons stated in the discussion as to section 3(a) above; that is, on the only two occasions on which any of the movants has been in Massachusetts in connection with the MSL matter, specifically in Boston on February 3,

and Nantucket June 24–27, 1993, no action occurred which imposed any injury on MSL.

*Section 3(d)*

Personal jurisdiction under section 3(d) of the statute exists if a person "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from" goods used or services rendered in the Commonwealth. The affidavits of the movants establish that none of them regularly does business, or has engaged in a persistent course of conduct, or derives substantial revenue from activity in the Commonwealth.

*Constitutional Considerations*

■ Even if the jurisdictional facts were sufficient to meet the requirements of M.G.L. c. 223A, § 3(a), (c) or (d)—which they are not—they would fail the constitutional test of "minimum contacts" and "fair play and substantial justice" articulated in *International Shoe Co. v. Washington,* 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945). In applying the constitutional test, the Court of Appeals of this Circuit has specified that, to meet constitutional requirements:

First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

*Sawtelle v. Farrell,* 70 F.3d 1381, 1389 (1st Cir.1995) (*quoting United Elec. Workers v. 163 Pleasant Street Corp.,* 960 F.2d 1080, 1089 (1st Cir.1992)).

In ruling on the constitutional sufficiency of assertions long-arm personal jurisdiction, the Court has also stated that:

... we steadfastly reject the exercise of personal jurisdiction whenever the connection between the cause of action and the defendant's forum-state contacts seems attenuated and indirect.

*United Elec. Workers,* 960 F.2d at 1089.

Judged by these standards, the facts of this case are constitutionally insufficient to confer personal jurisdiction over the movants.

As indicated above, the only contacts alleged between the movants and Massachusetts are the Boston meeting of February 3, 1993 and the Nantucket meeting of June 3, 1993. Neither of these is sufficiently related to MSL's claim since all that occurred in relation to that claim at the Boston meeting was to postpone a visit which later took place, and at the Nantucket meeting, no action occurred as to MSL. Nor have the movants purposely availed themselves of the privileges of conducting activities in Massachusetts. The movants are correct in stating that the meetings they attended in Massachusetts took place at sites "randomly chosen." There is simply no evidence of deliberate intention or attempt by any of the movants to avail him or herself of Massachusetts privileges.

Since the relatedness and foreseeability criteria of *Sawtelle* have not been met, it is unnecessary to consider the Gestalt factors relating to the reasonableness of assertion of jurisdiction. *Sawtelle v. Farrell,* 70 F.3d at 1395; *United Elec. Workers,* 960 F.2d at 1091, n. 11.

The movants' motion to dismiss for lack of personal jurisdiction is granted [2] and the complaint is dismissed as to them.

It is so ordered.

---

**2.** Although the complaint must be dismissed as to the movants for lack of personal jurisdiction, if personal jurisdiction existed, a serious question would arise as to whether the complaint meets the requirements of particularity set forth in Rule 9(b) F.R. Civ. P. Since most, if not all, of the substantive allegations of the complaint refer only to "the defendants" or "the individual defendants" collectively, it is doubtful that the complaint does meet the requirements of Rule 9(b).

## APPENDIX A

### FACTS AS TO THE DEFENDANTS

|  | Never Owned Real Prop. in Mass. | Never Sent Letters to Mass. | Never Had Oral Commun. w/MSL Reps. in Mass. |
|---|---|---|---|
| HASL | X | X | X |
| MOESER | X | X | X |
| RAMSEY | X | X | X |
| RYAN | X | X | X |
| SCHNEIDER | X | X | X |
| SOWLE | X | X | * See below. |
| WALWER | X | X | X |
| YU | X | X | X |

* Prepared draft of action letter 7/1/93 for signature of James White, informing MSL of the Accreditation Committee recommendation, but has sent no letters to MSL in Massachusetts.

|  | Present @ 2/6/93 Bos.Coun. Meeting | Present @ Brooklyn 6/23 Acred.Mtg. | Present @ 6/24–27/93 Accred. Meeting | Never Visited MSL |
|---|---|---|---|---|
| HASL | X | X | X | X |
| MOESER | X | X | X | X |
| RAMSEY | X | X | NO | X |
| RYAN | To Report | To Vote Only to Break a Tie | X | X |
| SCHNEIDER | X | X | X | X |
| SOWLE | NO | X | X | X |
| WALWER | NO | X | X | X |
| YU | NO | X | X | X |

|  | Member of Council | Member of Accred.Cmte. | Never Res. of Mass. | Never Employed in Mass. |
|---|---|---|---|---|
| HASL | X | X | X | X |
| MOESER | X | X | X | X |
| RAMSEY | X | NO | X | X |
| RYAN | NO | X | X | X |
| SCHNEIDER | NO | X | X | X |
| SOWLE | NO | X | X | X |
| WALWER | NO | X | X | X |
| YU | NO | X | X | X |