Gants, J.
The defendant Sung Cho has moved to dismiss this case for lack of jurisdiction under Mass.R.Civ.P. 12(b)(2).[1] For the reasons stated below, the motion to dismiss is DENIED.
BACKGROUND
The plaintiff, George Abbott, a Massachusetts resident, was retained by the defendant Interactive Computing Devices, Inc. (“ICD”) in 1994 as a management consultant. In March 1995, the defendant Sung Cho, an officer of ICD, asked Abbott to become a full-time employee of ICD, essentially as its Northeast representative, with a base salary of $54,000 per year. Although ICD was headquartered in California, Abbott continued to reside in Massachusetts and provided his employment services largely in the Northeast.
Around this time, ICD became indebted to ANAM Technology America, Inc. (“ANAM”) and was unable to pay its considerable debt. To satisfy ANAM and avoid litigation, ICD gave ANAM a security interest essentially in all of its assets. ICD ultimately was unable to meet its debt obligations to ANAM, and ANAM foreclosed on ICD’s assets pursuant to its security agreement. Following the foreclosure, ANAM created a new subsidiary, the defendant Interactive EFX, Inc. (“EFX”), and transferred its ICD assets to this newly created company.
The defendant Sung Cho became President of EFX when it was formed to absorb the assets of ICD. He was aware that Abbott, through his employment agreement, was a creditor of ICD and admitted that he felt a “moral obligation” to try to do something for him. He admits that he telephoned Abbott in an effort to resolve this “moral obligation.” He also testified at deposition that he or members of his staff at EFX may have agreed to pay Abbott money or things of value, but he insisted that this agreement was not made on behalf of EFX. Abbott insists that Cho personally guaranteed him that he would be paid for his work for ICD in an effort to induce him to continue the work he was doing for ICD on behalf of EFX.
DISCUSSION
This Court may assert personal jurisdiction over Mr. Cho only if two requirements are met: (1) at least one prong of the Massachusetts Long-Arm Statute is satisfied, and (2) the due process requirements of the United States Constitution are fulfilled. See U.S.S. Yachts, Inc. v. Ocean Yachts, 894 F.2d 9, 11 (1st Cir. 1990). The burden of proving personal jurisdiction rests with the plaintiff. American Express Int’l, Inc. v. Mendez-Capellan, 889 F.2d 1175, 1178(1st Cir. 1989). The plaintiff must establish personal jurisdiction with affirmative evidence, and cannot lean simply on the pleadings. Boudreau v. Scitex Corporation Ltd., 1992 WL 159667 (D.Mass. 1992); Landmark Bank v. Machera, 736 F.Sup. 375, 380 (1990).
Massachusetts Long-Arm Statute
Under the Massachusetts Long Arm Statute, personal jurisdiction over an individual may be exercised regarding á cause of action arising from that individual’s “transacting any business in this commonwealth” or “causing tortious injury by an act or omission in this commonwealth.” G.L.c. 223A, §3(a) and (c). At the very least, there is no dispute that Cho, while President of EFX, telephoned Abbott in Massachusetts and discussed with him some financial arrangement regarding the monies owed him for his work with ICD. There is also no dispute that this telephone call is at the heart of the plaintiffs breach of contract and Chapter 93A claims against Cho. The question is whether this telephone call, whatever its precise content, is sufficient to establish that Cho either transacted business in Massachusetts or caused tortious injury by an act occurring in the Commonwealth, and that the causes of action against him arose from this Massachusetts-connected conduct. I conclude that it is.
Courts have construed the “transacting any business” requirement of Section 3(a) quite broadly. See United Electrical, Radio and Machine Workers of America v. 163 Pleasant Street Corp., 960 F.2d 1080, 1087 (1st Cir. 1992), and cases cited. The defendant need not be present in the Commonwealth; it is enough simply to attempt to participate in the Commonwealth’s economic life. Id. In Hahn v. Vermont Law School, the defendant was found to have transacted business under Section 3(a) of the Long-Arm Statute simply by mailing to the plaintiff in Massachusetts an application and acceptance letter which formed the basis for a breach of contract claim. 698 F.2d. 48, 51-52 (1st Cir. 1983). In Bond Leather Co., Inc. v. Q.T. Shoe Mfg. Co., Inc., the out-of-state’s defendant’s communications with the plaintiff in Massachusetts for the purpose of negotiating a guaranty satisfied Section 3(a). 764 F.2d 928, 932 (1st Cir. 1985). See also Boudreau v. Scitex Corporation Ltd., 1992 WL at 2 (negotiating employment contract through electronic mail, faxes, and telephone calls directed to Massachusetts constitutes the transaction of business in Massachusetts); Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 8 n.13 (1979) (isolated activity may be sufficient to satisfy Section 3(a) even if constitutionally insufficient).
Here, Cho made a telephone call to Abbott in Massachusetts for the purpose of negotiating arrangements to resolve a preexisting debt that arose from Abbott’s work in Massachusetts on behalf of the company whose assets EFX now owned. If Abbott is correct, Cho in that telephone call guaranteed payment of that debt for the purpose of inducing Abbott to continue to perform this work in Massachusetts on behalf of EFX. Consequently, this case presents a stronger claim of personal jurisdiction than in Hahn because, not only was the telephone call made to *384 Massachusetts, but the plaintiff here contends that the purpose of the telephone call was to induce continued employment of the plaintiff in Massachusetts.
If the plaintiffs allegations are true, this telephone call also satisfies the separate jurisdictional prong found in Section 3(c) — it caused tortious injury by an act in the Commonwealth. As demonstrated above, there is no doubt that a telephone call made to Massachusetts, even if placed outside Massachusetts, is an act occurring within the Commonwealth for purposes of the Long-Arm Statute. Here, the telephone call is the focus of the plaintiffs Chapter 93A claim; he contends that Cho during this call made a fraudulent promise to guarantee payment of Abbott’s past work for ICD in order to induce Abbott to keep on working for EFX.
Due Process
To satisfy the due process requirements of the Fourteenth Amendment, the defendant Cho must possess sufficient minimum contacts with Massachusetts that subjecting him to jurisdiction would not offend “traditional notions of fair play and substantial justice.” International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985); United Electrical Workers, 960 F.2d at 1087-88. Whether his telephone call to the plaintiff is enough to satisfy due process is a closer question under the caselaw. Indeed, the First Circuit has found that personal jurisdiction based on an out-of-state law school’s mailing of an application and acceptance to a prospective law student in Massachusetts satisfied due process, Hahn at 52-53, but personal jurisdiction based on the giving of a guarantee to a Massachusetts corporation for the payment of goods did not. Bond Leather Co., Inc. v. Q.T. Shoe Mfg. Co., Inc., 764 F.2d at 933. The difference between these two cases rested in the extent and nature of the defendant’s business dealings with Massachusetts. In Hahn, the First Circuit found that Vermont Law School had actively sought to recruit Massachusetts students, and the plaintiff was simply one of those students. 698 F.2d at 52. In Bond Leather, however, the First Circuit found that the defendant had no active role in anything happening in Massachusetts; it simply had guaranteed payment to a Massachusetts company on an isolated transaction. Bond Leather at 933-34.
This case is closer to Hahn than to Bond Leather. Mr. Cho, through his employer, ICD, had previously employed the plaintiff to perform work in Massachusetts on behalf of ICD and, if the plaintiff is correct, his telephone call with the plaintiff was intended to induce him to continue to perform such work in Massachusetts on behalf of EFX. Even if there were only a single telephone call with the plaintiff in Massachusetts, that telephone call concerned the possible continuation of work that Mr. Cho understood would be performed in Massachusetts. This is sufficient to establish the necessary minimum contacts and to find that asserting personal jurisdiction based on those contacts is consistent with fair play and substantial justice. See Boudreau v. Scitex Corporation Ltd., 1992 WL at 3-4.
I also note that exercising personal jurisdiction over Mr. Cho in Massachusetts is unlikely to burden him unfairly. Since EFX does not dispute that this Court has personal jurisdiction over it, there will be a trial in this case in Massachusetts (in the absence of settlement or summary judgment) even if personal jurisdiction were not found over Mr. Cho, and he will almost certainly be present for that trial since he will be a key witness. Since he will likely be in Massachusetts anyway for trial, it is not unfair that he be a party and not merely a witness at that trial. Moreover, if personal jurisdiction over him were not found, the • practical result would be that the plaintiff would not be able to press his claims against him since, given the amount at issue, it would not make economic sense for the plaintiff to file a separate action in California, where personal jurisdiction over Mr. Cho would be assured.
ORDER
For the reasons stated above, the defendant Sung Cho’s motion to dismiss this case for lack of jurisdiction under Mass.R.Civ.P. 12(b)(2) is DENIED.

The defendant Interactive EFX Computing, Inc. initially joined in the motion to dismiss, but withdrew its motion at oral argument.