Elsie **RIVERA TORRES,**
et al., **Plaintiff(s)**

v.

**RESORT WORLD OF ORLANDO,**
et al., **Defendant(s).**

**Civil No. 04–1537(JAG).**

United States District Court,
D. Puerto Rico.

Feb. 14, 2005.

Luis R. Rivera–Rodriguez, Luis Rafael Rivera Law Office, San Juan, PR, for Plaintiffs.

Jeannette M. Lopez, Pinto–Lugo, Oliveras & Ortiz, PSC, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On May 28, 2004, Elsie Rivera–Torres ("Rivera–Torres"), Jose Lopez, and the conjugal partnership constituted between them (collectively "plaintiffs"), filed this action seeking damages against Resort World of Orlando ("Resort World") and its insurer Wausau Insurance Company ("Wausau") (collectively "defendants") (Docket No. 1). On September 7, 2004, defendants moved for dismissal of plaintiffs' complaint for lack of *in personam* jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) and for improper venue pursuant to Fed.R.Civ.P. 12(b)(3) (Docket No. 6). On September 20, 2004, plaintiffs opposed(Docket No. 7). On October 13, 2004, defendants filed a reply (Docket No. 10). For the reasons discussed below, the Court **GRANTS** defendants' motion to dismiss.

## Factual Background[1]

On June 6, 2004, Rivera–Torres slipped and fell to the ground of the suite she and her family were occupying in the Clarion Suites and Spa Resort in Orlando, Florida, which is operated by Resort World. As a result, Rivera–Torres sustained injuries to her right hip and abdomen. Rivera–Torres was two months pregnant at the time. The following morning, Rivera–Torres awoke with pain and bleeding and was rushed to a nearby hospital, where she was evaluated and released later that same day. Rivera–Torres had suffered a mis-

carriage. On June 9, 2004, she and her family returned to her home in Puerto Rico after cancelling their vacation. Rivera–Torres received subsequent medical and psychological treatment in Puerto Rico as a result of the miscarriage.

Plaintiffs allege that they had reported a leak in the suite's kitchen to the hotel management several times and even though they tried to correct it, it continued for several days. The leak caused a rug on the kitchen floor to become wet which led to Rivera Torres' slip and fall.

## Discussion

### A. *Motion to Dismiss Standard*

Pursuant to Fed.R.Civ.P. Rule 12(b)(2), the plaintiff ultimately bears the burden of persuading the court that jurisdiction exists. *See McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Rodriguez v. Fullerton Tires Corp.,* 115 F.3d 81, 83 (1st Cir.1997); *Massachusetts School of Law at Andover, Inc. v. American Bar Association,* 142 F.3d 26, 34 (1st Cir.1998). It is fundamental that, on a motion to dismiss for lack of personal jurisdiction, a plaintiff must establish a *prima facie* case that the defendant is subject to the jurisdiction of the forum. *See American Express Int'l, Inc. v. Mendez–Capellan,* 889 F.2d 1175 (1st Cir.1989) *(citing Wyatt v. Kaplan,* 686 F.2d 276, 280 (5th Cir.1982)).* In conducting the requisite analysis under the *prima facie* standard, the court takes specific facts affirmatively alleged by the plaintiff as true (whether or not disputed) and construes them in the light most favorable to the plaintiff's jurisdictional claim. *See Ticketmaster–New York, Inc. v. Alioto,* 26 F.3d 201, 203 (1st Cir.1994). The court then adds to the mix facts put

---

1. The relevant facts are taken from the complaint (Docket No. 1).

forward by the defendants, but only to the extent that they are uncontradicted. *See, e.g., Topp v. CompAir Inc.*, 814 F.2d 830, 836–37 (1st Cir.1987).

In determining whether a non-resident defendant is subject to its jurisdiction, a federal court exercising diversity jurisdiction "is the functional equivalent of a state court sitting in the forum state." *Ticketmaster–New York*, 26 F.3d at 204; *see also Sawtelle v. Farrell*, 70 F.3d 1381, 1387 (1st Cir.1995). Thus, in diversity cases, a federal court cannot exceed the jurisdictional reach of the courts of the forum in which they sit. *See American Express Int'l*, 889 F.2d at 1178. The court must, therefore, find sufficient contacts between the defendant and the forum to satisfy both that state's long-arm statute and the Fourteenth Amendment's Due Process clause. *See Ticketmaster–New York*, 26 F.3d at 204; *United Electrical Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1086 (1st Cir.1992) ("*Pleasant St. I*"); *Hahn v. Vermont Law School*, 698 F.2d 48, 51 (1st Cir.1983).

It is well established that in diversity cases "the district court's personal jurisdiction over a nonresident defendant is governed by the forum's long-arm statute." *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc.*, 982 F.2d 686, 690 (1st Cir.1993). Puerto Rico's Long Arm Statute, rule 4.7 of the Puerto Rico Rules of Civil Procedure, provides, in pertinent part, that:

(a) Whenever the person to be served is not domiciled in Puerto Rico, the General Court of Justice shall take jurisdiction over said person if the action or claim arises because said person:

(1) Transacted business in Puerto Rico personally or through · her agent, or

(2) Participated in tortious acts within Puerto Rico personally or through an agent.

32 P.R. Laws Ann.App. III, Rule 4.7(a)(1), (2) (2001).

■ The First Circuit has stated that Puerto Rico's Long Arm Statute permits the exercise of jurisdiction to the full extent of Constitutional Authority. *See Vencedor Mfg. Co. v. Gougler Indus., Inc.*, 557 F.2d 886, 889 (1st Cir.1977).

In relation to the constitutional due process requirements, the seminal case of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), has set the constitutional limits for the exercise of in personam jurisdiction over a defendant foreign corporation. The Court stated that the foreign defendant's activities had to establish sufficient contacts or ties with the forum state, so as to make it reasonable and just, according to our traditional conceptions of justice, to permit the state to enforce the obligations which the defendant may have incurred there. *Id.* at 320. By contrast, if a defendant has continuous and systematic contacts with the state, courts in the state may exercise general jurisdiction over any cause of action against the defendant. *See Pleasant St. I*, 960 F.2d at 1088.

■ The due process cases impose three requirements on the exercise of specific personal jurisdiction over out-of-state defendants. *Id.* at 1089. First, the defendant must have purposeful "minimum contacts" with the state. Second, the exercise of jurisdiction must be "reasonable" under the circumstances. And finally, the plaintiff's claims must be related to the defendant's contacts in the forum state. *Id* at 1089.

### C. *Defendants' Motion to Dismiss*

In their motion, defendants move for the dismissal of plaintiffs' complaint arguing

**34**

the absence of *in personam* jurisdiction and improper venue. Since defendants are contesting this court's jurisdiction, the plaintiffs bear the burden of proving that jurisdiction lies in the forum state.

 In order to establish *in personam* jurisdiction over the defendants, pursuant to Puerto Rico's Long Arm Statute, plaintiffs must first demonstrate that their claim arises because defendants transacted business in Puerto Rico personally or through an agent, or because they participated in tortious acts within Puerto Rico personally or through an agent. *See* 32 P.R. Laws Ann. App III, Rule 4.7(a)(1), (2) (2001).

According to the facts alleged in the complaint, Wausau is a domestic corporation registered in New York with its headquarters in Syracuse, New York (*See* Docket No. 1 at ¶ 6). Resort World is a domestic corporation registered in Kissimmee, Florida, and authorized to do business in Florida. There are no allegations made by plaintiffs regarding defendants' activities within Puerto Rico. There are also no allegations in the complaint showing that defendants or their agents participated in any tortious acts within Puerto Rico. Furthermore, it is uncontested that all the events giving rise to the present controversy took place in Orlando, Florida. There are, thus, no indications in the entire record of a single contact between the defendants and Puerto Rico.

Plaintiffs' main argument is that because defendants voluntarily waived their right to be personally served with summons, pursuant to Fed.R.Civ.P. 4(d)(1), they waived the defense of lack of jurisdiction (*See* Docket No. 7 at ¶ 2). The text of Fed.R.Civ.P. 4(d)(1), however, does not support this contention since it specifically states that the "defendant who waives service of summons does not thereby waive any objection to the venue or to the juris-

diction of the court over the person of the defendant." *Id.*

Having found that there is no *in personam* jurisdiction over the defendants, the Court need not reach the question of improper venue.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motion to dismiss (Docket No. 6). All plaintiffs' claims are hereby dismissed **without prejudice.** Judgment shall enter accordingly.

IT IS SO ORDERED.