Gilbert-Cohen v. Carthage Area Hosp., Inc., No. 20-1-10 Wmcv (Wesley, J., June 28, 2010)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT
## WINDHAM COUNTY

**JENNIFER GILBERT-COHEN,**
     **Plaintiff**

                          **WINDHAM SUPERIOR COURT**
       **v.**                        **DOCKET NO. 20-1-10 Wmcv**


**CARTHAGE AREA HOSPITAL, INC.**
     **Defendant.**


## ORDER ON MOTION TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION


Jennifer Gilbert-Cohen, a Vermont resident, was briefly employed as a midwife by Carthage Area Hospital (hereinafter "the hospital"), a community hospital located in a rural area near Syracuse, New York.  After her employment was terminated, Gilbert-Cohen brought this action in Vermont, alleging several claims against the hospital arising from her employment and discharge.  Currently pending is the hospital's motion to dismiss for lack of personal jurisdiction.  See V.R.C.P. 12(b)(2).  Concluding that the hospital did not direct its activities towards residents of Vermont in a manner so as to purposely avail itself of the privileges of conducting activities here, the Court **GRANTS** the hospital's motion to dismiss for lack of personal jurisdiction.

*Background*

When a motion to dismiss for lack of personal jurisdiction is decided without an evidentiary hearing,[1] the plaintiff is required to make only a prima facie showing of personal jurisdiction. See *Northern Security Ins. Co. v. Mitec Electronics, Ltd.,* 2008 VT 96, ¶ 14, 184 Vt. 303, 310.  The court's approach is essentially the same as that taken on

---

[1]  Neither party requested an evidentiary hearing.

a motion for summary judgment: it views the pleadings, affidavits, and exhibits in a light most favorable to the plaintiff and gives her the benefit of all reasonable doubts and inferences.  See *id.*  Nonetheless, as with a motion for summary judgment, defendant's uncontroverted evidence may be considered, and an assertion by the plaintiff about the defendant "upon information and belief" is not sufficient to controvert the defendant's affidavit testimony about a matter within its actual knowledge. Cf. *Levy v. Town of St. Albans Zoning Board of Adjustment,* 152 Vt. 139, 145 (stating same in context of summary judgment motion).

Viewing the parties' allegations and evidence in this manner, it appears that Gilbert-Cohen was alerted to the possibility of temporary employment at the hospital by a third-party independent medical recruiter, and indicated that she would be interested. The recruiter advised Gilbert-Cohen to contact the hospital directly, but this approach proved unproductive.  At some point, however, the independent medical recruiter contacted Walter Becker, the hospital's CEO, and asked if the hospital needed midwives and would like a list of potential candidates.  Becker said yes, and the recruiter sent the list, which included Gilbert-Cohen.  Becker then called Gilbert-Cohen in Vermont to invite her to come to Carthage for an interview.  Following the interview, Becker called Gilbert-Cohen in Vermont to offer her the position, and then sent her a proposed contract. The hospital negotiated the contract with Gilbert-Cohen's Vermont attorney, and sent her a credentialing packet and employment packet in Vermont.  The contract was for full-time employment as a midwife in the rural area of Carthage, near Syracuse, New York. Nonetheless, the hospital knew that Gilbert-Cohen intended to remain a resident of Vermont.

*Analysis*

Vermont's long-arm statute confers jurisdiction to the full extent allowed by the due process clause of the federal constitution. See, e.g., *Mitec,* 2008 VT 96, ¶ 14, 184 Vt. 303, 310. Thus, the personal jurisdiction inquiry focuses on the *International Shoe* test for due process -- whether the defendant has sufficient contacts with the state that the exercise of jurisdiction does not "offend traditional notions of fair play and substantial justice." *Id.,* quoting *International Shoe Co. v. Washington,* 326 U.S. 316 (1945). The test is essentially one of reasonableness: Are the defendant's actions toward and connections with the state such that the defendant should reasonably anticipate being haled into court there? See *Dall v. Kaylor,* 163 Vt. 274, 276 (1995). The reasonableness test is generally met when the defendant has "purposefully availed" itself of the forum by purposefully directing its activities towards residents of the forum state, and the litigation arises from those activities. See *Dall,* 163 Vt. at 276.

It is undisputed that the defendant hospital has never marketed its services in Vermont, which is the most common way a non-resident corporate defendant purposefully directs its activities toward Vermont. See, e.g., *Dall,* 163 Vt. at 275-77 (Vermont court may exercise jurisdiction over Maryland horse farm that is in business of selling horses and regularly advertises its horses in nationally circulated magazines; "It is hardly unfair for defendants to defend themselves in jurisdictions where they choose to advertise their products.").

Nonetheless, Gilbert-Cohen argues that an exercise of personal jurisdiction over the hospital would be reasonable in Vermont because the hospital solicited and recruited her as an employee, contacted and sent her materials in Vermont, negotiated with her

3

Vermont lawyer, and entered into the employment contract with her knowing she was a Vermont resident and intended to remain one.  The Court considers the first circumstance – the solicitation and recruitment, if any – to be the pivotal one.  The United States Supreme Court has made it clear that a foreign defendant's contract with a forum resident is not alone a sufficient basis for an exercise of personal jurisdiction.  *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 478 (1985); *Conti v. Pneumatic Products Corp.,* 977 F.2d 978, 982 (6th Cir. 1992).  Moreover, "'the Court long ago rejected the notion that personal jurisdiction might turn on 'mechanical' tests, or on 'conceptualistic theories of the place of contracting or performance.'"  *Burger King,* 471 U.S. at 478-79.  After all, the test is essentially one of reasonableness based on purposeful availment; so it makes sense in an employment case that the focus is not on where the parties happened to be located at various points in the contracting process; rather, it is on the degree to which the non-resident employer solicited or initiated the employment relationship by targeting its recruitment process to the plaintiff/resident in particular or to residents of the forum generally.

Bearing in mind this analytic framework, the Court considers the hospital's actions in soliciting and recruiting Gilbert-Cohen. The hospital did not initiate the hiring process by targeting Gilbert-Cohen specifically or the Vermont market generally. Compare *Vuylsteke v. Broan,* 17 P.3d 1072, 1079 (Or. App. 2001) (New York employer was subject to personal jurisdiction in Oregon where it specifically initiated contact with resident plaintiff individually, due to her unique expertise, to entice her to return to the art world of New York rather than remaining in Oregon where she had escaped to devote herself to child-rearing); *Hahn v. Vermont Law School,* 698 F.2d 48, 52 (1st Cir. 1983)

4

(defendant law school was subject to personal jurisdiction in Massachusetts based on its efforts to serve market for legal education in that state; over the years students from Massachusetts consistently comprise close to ten percent of class, VLS faculty visit Massachusetts colleges for recruitment purposes, and school has placed advertisements in Boston newspapers); *Davis v. Baylor Univ.,* 976 S.W.2d 5, 13 (W.D. Mo. App. 1998) (defendant university was subject to personal jurisdiction in Missouri where members of its coaching staff had gone to forum state to actively recruit plaintiff, particularly since recruitment of plaintiff was part of larger effort to recruit other students and student athletes from forum state as well).  Instead, the hospital was contacted by a third-party who asked if it wanted a list of persons interested in a midwife position, the hospital responded yes, and the hiring process began.[2]  Thus, even viewing the evidence favorably to Gilbert-Cohen, it cannot be said that the hospital actively solicited or recruited her. Rather, since the relationship between the parties started with the plaintiff indicating her interest to a third party independent recruiter and the independent recruiter calling the hospital, the only acts of solicitation or recruitment on the part of the hospital were the call to invite Gilbert-Cohen for an interview and the call to offer her the job.  Coupled with the fact that the hospital has never solicited, recruited, or hired anyone else from Vermont, these acts are not sufficient to constitute purposeful availment and make jurisdiction here reasonable.

---

[2]    In her affidavit, Gilbert-Cohen stated "upon information and belief" that the hospital hired the recruiter who initially called her in Vermont.  However, Becker's affidavit states, based on personal knowledge, that he did not initiate contact with or hire the recruiter, but was instead called by her and asked if he would like a list of potential applicants for a midwife position; and his testimony based on personal knowledge cannot be controverted by Gilbert-Cohen's statement based only "upon information and belief."  Cf. *Levy,* 152 Vt. at 145 (stating same in context of summary judgment motion).

The Sixth Circuit reached the same conclusion in *Conti v. Pneumatic Products Corp.,* 977 F.2d 978 (6th Cir. 1992), a case similar to this one on its facts. There, the former employee was an Ohio resident who implored the Court in Ohio to exercise personal jurisdiction over a Florida employer. The plaintiff/former employee had sent his resume to an executive recruiting firm he found listed in a directory of executive recruiting firms advertised in the Wall Street Journal. The defendant employer hired this recruiting firm to fill an executive position, and through them talked to the plaintiff in Ohio several times and sent him written materials there. It mailed him airline tickets in Ohio, conducted extensive contract negotiations with him there, and mailed an employment contract offer letter to him there. The Court noted these contacts but focused on the initiation of the relationship, concluding that the employer's act of hiring a recruiter who happened to have acquired the resume of the Ohio resident, and then proceeding with the steps that resulted in hiring an Ohio resident, were not sufficient to make an exercise of jurisdiction in Ohio fair. Indeed, the Court concluded that the exercise of jurisdiction on such limited contacts would likely have an inhibiting effect which "could unnecessarily restrict nationwide searches for candidates." 977 F.2d at 983. Here, the argument for exercise of personal jurisdiction is factually weaker than in *Conti,* because the employer in *Conti* had actually hired the recruiter who provided the plaintiff's name, while the hospital in this case had not hired the recruiter and simply responded positively to an independent recruiter's inquiry regarding interest. In any case, the Court finds *Conti* persuasive. Accord *Goodstein v. Regional Medical Services,* 2010 WL 1856480 (W.D. Mich.).

6

In sum, the Court concludes that it would be unfair as well as unwise to assert jurisdiction here over a rural community hospital in New York – a local institution serving a local market a long way from Vermont – just because it was willing to hire a Vermont resident who it determined to be the best applicant for the job. It is true, as Gilbert-Cohen points out, that Vermont has an interest in pursuing justice for its residents who are wronged. However, it does not have an interest in discouraging non-residents from hiring residents by unreasonably exposing foreign employers to the threat of litigation far from their places of business.

## ORDER

**WHEREFORE** it is hereby **ORDERED :** The hospital's motion to dismiss for lack of personal jurisdiction is **GRANTED.**

Dated at Newfane, Vermont, this _____ day of June, 2010.

_____
John P. Wesley
Presiding Judge