Cratsley, John C., J.

INTRODUCTION

Plaintiff, Deutsch Williams Brooks DeRensis & Holland, P.C. (“Deutsch”), brought this action against Defendant, Naturopathic Laboratories International, Inc. (“NLI”), seeking a monetary judgment to recover approximately $26,000 it alleges defendant owes for legal services. Defendant filed a Motion to Dismiss pursuant to Mass.R.Civ.P. 12(b)(2), arguing that this Court should dismiss the plaintiffs Complaint for lack *301 of personal jurisdiction. For the reasons discussed below, defendant’s motion to dismiss is DENIED.

FACTUAL BACKGROUND

Defendant is a Delaware corporation with a principal place of business located in New York. It manufactures an over-the-counter arthritis pain medication, known as Jointritis.[1] Defendant sells and advertises its product nationally, including in Massachusetts.[2] Plaintiff is a Massachusetts professional corporation with a usual place of business in Boston, MA.
In February 2004, the defendant sought out, hired, and retained the plaintiff for legal representation in several matters. One matter concerned a lawsuit in the state of New York, as a dispute arose between defendant and a third party. A decision entered against defendant, which was appealed. The plaintiff provided the legal representation in both the underlying action and the appeal.[3] Another matter concerned discussions about the long-term prospects of defendant. Specifically, the defendant, concerned about long-term viability of the company, sought a legal opinion from plaintiff concerning a debtor-in-possession in Chapter 11 bankruptcy and general corporate advice. This general corporate advice included, but was not limited to, alternative corporate lending and liability to secure future prospects of the company.[4]
The plaintiff had numerous telephone conversations with the defendant over the next six to seven months, regarding the long-term prospects of defendant. Additionally, plaintiff communicated with numerous third parties on behalf of defendant in order to determine if the company would be able to maintain its viability by securing an acceptable corporate lending account.[5] The parties had agreed that the plaintiff would bill for its services by the hour, and the plaintiff routinely sent defendant invoices for the legal services it provided. These invoices indicated the services provided, the name of the individual attorney providing such services, the dates the services were provided, the time spent on each matter, and the amount owed for such services. The defendant never indicated that it was not willing to accept or pay for such services, and the plaintiff contends that the defendant made numerous promises to pay for the legal services provided.[6]
When no payments were ever received for the bankruptcy and general corporate advice services, the plaintiff commenced this action in an attempt to collect the outstanding balance owed for their legal services. Plaintiff filed this case in the Superior Court on November 9, 2005, seeking a monetary judgment for breach of contract, costs, and interest. Subsequently, the defendant filed a motion to dismiss pursuant to M.G.L.c. 223, §3 on May 4, 2006. The plaintiff filed an opposition and the motion was argued in open court on June 16, 2006. After due consideration, this Court determines that there is personal jurisdiction to hear the case in Massachusetts. Therefore, the defendant’s motion to dismiss is DENIED.

DISCUSSION

In this case, the plaintiffs complaint invokes the jurisdiction of the Superior Court pursuant to M.G.L.c. 223A, §3, the so-called longarm statute. While c. 223A grants personal jurisdiction “over the person to the limits allowed by the Constitution of the United States,” Automatic Sprinkler Corp. of America v. Seneca Foods Corp., 361 Mass. 441, 443 (1972), in construing such limits the U.S. Supreme Court has held that personal jurisdiction over a nonresident defendant requires, “certain minimum contacts with [the State] such that the maintenance of the suit does not offend ‘traditional notions of fair play and substantial justice.’ ” International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting in part from Milliken v. Meyer, 311 U.S. 457, 463 [1940]).[7] The U.S. Supreme Court has further stated that in order for a nonresident defendant to be subject to jurisdiction, there must be “some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.” Hanson v. Denckla, 357 U.S. 235, 253 (1958).
In specific instances in which a Massachusetts court may acquire personal jurisdiction over a nonresident defendant, jurisdiction is conferred only “when some basis for jurisdiction enumerated in the statute has been established.” Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 6 (1979). If the statute’s literal requirements are met and satisfied, then it also must be established that “the exercise of jurisdiction under State law [is] consistent with basic due process requirements mandated by the United States Constitution.” Id. at 5-6. A plaintiff has the burden of establishing facts to show that the ground relied on under c. 223A §3 is present. Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 151 (1978).

M.G.L.C. 223.A, §3(a)

In it’s motion, the defendant argues that the claims the plaintiff asserted did not arise from any contact or activity in Massachusetts. In response, the plaintiff argues that its claims arise from defendant’s transaction of business within the Commonwealth and that, under c. 223A, the defendant’s solicitation of legal services from a Massachusetts law firm as well as its further communication with the plaintiff are sufficient contacts to bring the defendant under the authority of c. 223A §3(a).
Under the Massachusetts longarm statute, a “court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person’s .. . transacting any business in this Commonwealth.” M.G.L.c. 223A, §3(a). Both the longarm statute and “transacting any business” language are to be construed broadly. See *302 Kleinerman v. Morse, 26 Mass.App.Ct. 819, 824 (1989) (citing Hahn v. Vermont Law School 698 F.2d 48, 50 (1st Cir. 1983)); see Tatro v. Manor Care, Inc., 416 Mass. 763, 767, 771 (1994) (holding “[plurposeful and successful solicitation of business from residents of the Commonwealth . . . will suffice to satisfy the ‘transacting any business’ requirement”). Similarly, courts in Massachusetts have held that “[although an isolated and minor transaction with a Massachusetts resident may be insufficient, generally the purposeful and successful solicitation of business from residents of the Commonwealth . . . will suffice to satisfy the ‘transacting any business’ requirement.” Id. See also Connecticut National Bank v. Hoover Treated Wood Products, Inch, 37 Mass.App.Ct. 231 (1994). Finally, under M.G.L.c. 223A, §3(a), the facts must satisfy two requirements for jurisdiction to exist: (1) the defendant must have transacted business in Massachusetts, and (2) the plaintiffs claim must have arisen from the transaction of that business by the defendant. See Good Hope Indus., supra at 10 n. 17.
In Hahn v. Vermont Law Sch., 698 F.2d 48 (1st Cir. 1983), there was evidence that the defendant made purposeful efforts to reach and serve the legal education market in Massachusetts. There, the United States Court of Appeals for the First Circuit observed that the question of personal jurisdiction with regards to a Massachusetts plaintiffs business transaction should not turn “on the intricacies of the law of contract formation,” on whether the Massachusetts plaintiff initiated the contact leading to the contract formation, or whether the defendant had a physical presence in Massachusetts. Hahn at 50-51. In that case, the court concluded that regardless of whether the parties’ contract had'been executed in Massachusetts, the defendant’s communications with the plaintiff in Massachusetts amounted to the transaction of business in the Commonwealth.
In many ways, this case is similar to Hahn. The defendant initially sought out, hired, and retained the plaintiff to handle a lawsuit in New York state,[8] which arose over a dispute between defendant and a third party. When a decision entered against the defendant in that matter the defendant appealed, and the plaintiff provided the legal representation in the appeal as well. While no claim arises in this action for legal representation provided in the New York lawsuit, it does offer some evidence that the plaintiff and defendant’s contact with each other was not random or isolated. The defendant intentionally chose plaintiff as its legal representation in the New York lawsuit knowing that the plaintiff was located in Massachusetts. This was done at a time when the defendant could have retained a New York law firm to provide their legal services. Furthermore, the plaintiff alleges that following that lawsuit, the defendant continued to contact the plaintiff concerning other independent matters, namely: advice about the long-term viability of the company; a legal opinion concerning debtor-in-possession in Chapter 11 bankruptcy; and general corporate advice, including information on alternative corporate lending and liability in securing future prospects of the company. As with Hahn, the defendant’s contacts with the plaintiff, while not necessarily extensive, were not isolated or random events. Additionally, the legal research undertaken by the plaintiff on behalf of the defendant, was conducted exclusively in Massachusetts. Therefore, I conclude that the defendant’s initial contact with the plaintiff to provide legal services led to a broader range of legal activities and research which amounted to the transaction of business in Massachusetts.[9]

M.G.L.C. 223A, §3(d)

In addition to their argument that §3(a) of the longarm statute establishes jurisdiction in Massachusetts, the plaintiff also alleges that the defendant’s refusal to pay plaintiffs legal fees constitutes out-of-state conduct that has caused a direct tortious injury arising in the Commonwealth.
Section 3(d) of the Massachusetts longarm statute states that:
a court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person’s . . . causing tortious injury in this Commonwealth by an act or omission outside of this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth.
While it has been held that “manifestations, effects and consequences of tortious acts outside the Commonwealth are insufficient to establish personal jurisdiction under §3(d), out-of-state wrongs . . . [may] result in the type of direct tortious injury that satisfies the requirements of the long-arm statute.” Chase-Walton Elastomers, Inc. v. Sandford Bennett et al., 2002 Mass.Super. LEXIS 368 (Middlesex, October 1, 2002) (Brassard, J.). Under G.L.c. 223A, §3(d), personal jurisdiction may exist if the out-of-state wrong causes “shame, embarrassment, or loss of consortium in the forum State.” Darcy v. Hankie, 54 Mass.App.Ct. 846, 850 (2002). Similarly, “[o]ut-of-State wrongs that cause loss of sales or business opportunity in the forum State have . . . been held to be direct tortious injury rather than consequential harm.” Id; See Keds Corp. v. Renee Intl. Trading Corp., 888 F.2d 215, 218 (1st Cir. 1989); See Buckeye Assocs., Ltd. v. Fila Sports, Inc., 616 F.Sup. 1484, 1493 (1985).
Plaintiff argues that the defendant’s out-of-state action in refusing to pay the plaintiffs legal services should be construed as a “direct tortious injury” which has caused harm to the plaintiffs business opportunities and sales. However, I am not persuaded that the question of the defendant’s personal jurisdiction should turn on this section of the longarm statute. *303 Even in the light most favorable to the plaintiff there have been no allegations made that the defendant’s failure to pay the alleged legal services affected the plaintiffs ability to continue to do business with its clients, nor that it caused significant financial repercussions. Thus, plaintiffs $26,000 loss for legal services is merely a consequence of defendant’s out-of-state wrong, and does not satisfy the requirements of §3(d) of the longarm statute. Furthermore, the majority of cases extending personal jurisdiction based on c. 223A §3(d) are criminal cases in which the filing of a false criminal complaint in a foreign state against an in-state plaintiff took place, causing the plaintiff foreseeable, primary tortious injury. Therefore, I cannot find that §3(d) of the Massachusetts longarm statute extends personal jurisdiction to the defendant in this case.

Sufficient “Minimum Contacts" to Satisfy Due Process

Assuming, as previously discussed, that §3(a) of the Massachusetts longarm statute applies to the defendant, the defendant also argues that its one-time contractual relationship with plaintiff does not qualify as “minimum contacts” with Massachusetts and, therefore, it would not be fair or just to allow the suit to continue. In response, the plaintiff asserts that a seven-month attorney-client relationship constitutes more than a one-time transaction.
In order to ultimately exercise personal jurisdiction over the defendant, this Court must also find that the constitutional requirements of due process are satisfied. As such, the defendant must have sufficient “minimum contacts” with the Commonwealth so that the maintenance of the suit does not offend “traditional notions of fair play and substantial justice.” In determining whether the notions of fair play and justice have been offended, I must consider the due process requirement of purposeful availment. According to our Massachusetts courts, there are two “cornerstones” of purposeful availment: foreseeability and voluntariness. Fern v. Immergut, 55 Mass.App.Ct. 577, 587 (2002) (citing Sawtell v. Farrell, 70 F.3d 1381, 1391 (1st Cir. 1995)). The focus of this analysis is on whether a defendant has “engaged in any purposeful activity related to the forum that would make the exercise of jurisdiction fair, just, or reasonable.” Rush v. Savcheck, 444 U.S. 320, 329 (1980).
The defendant argues that Droukas and REMF Corp., should control here. See REMF Corp. v. Miranda, 60 Mass.App.Ct. 905 (2004) (holding that onetime transactions for the purchase of goods between a Massachusetts resident and a nonresident seller are not sufficient minimum contacts). However, this Court agrees with the plaintiff that the attorney-client relationship between the plaintiff and defendant constitutes more than just a one-time transaction. Plaintiff has affirmatively alleged that it provided legal services to the defendant on various matters that were not part of the initial transaction to represent the defendant in the New York lawsuit. Additionally, the plaintiff has provided exhibits in its opposition containing invoices sent to the defendant for payment which chronicle a seven-month relationship. Moreover, this relationship between the plaintiff and defendant resulted from “an affirmative, intentional act of the defendant, such that it is fair and reasonable to require the defendant to come into the State and defend the action.” Connecticut National Bank at 236 (quoting Good Hope Indus., Inc., at 7); see also Tatro at 769 (holding that “the contacts with the plaintiff, although not themselves extensive, were not random or isolated events”).
Here, the defendant sought out the expertise of the plaintiff; communicated on numerous occasions with the plaintiffs attorneys; and was, or should have been aware, that a large part of the plaintiffs work would be performed in Massachusetts. Additionally, the plaintiffs cause of action arises out of that legal representation. Therefore, I find that the defendant’s relationship with the plaintiff constitutes more than a one-time transaction which the defendant affirmatively entered into. As such, it was not an isolated or random event. Thus, the defendant does have sufficient minimum contacts with the Commonwealth to establish personal jurisdiction over it. Furthermore, based on the defendant’s purposeful solicitation of legal services from the plaintiff, it is not unreasonable or particularly onerous for the New York defendant to defend the suit in Massachusetts

ORDER

For the above-mentioned reasons, it is hereby ORDERED that Naturopathic Laboratories International, Inc.’s Motion to Dismiss for lack of personal jurisdiction, pursuant to M.G.L.c. 223, is DENIED.

 Affidavit of Joseph Sarachek to Defendant’s Motion to Dismiss.

Motion to Dismiss, p.3, ¶8.

This New York litigation is not relevant to the present action, as the plaintiff is not claiming an amount owing from that representation in the matter at bar.

Affidavit of Steven Brooks, Esq. at Plaintiffs Opposition to Defendant’s Motion to Dismiss, exhibit A.

Id.

Affidavit of Steven Brooks.

Plaintiff invokes M.G.L.c. 223A, §§(a), (dj in its Opposition to the Defendant’s Motion to Dismiss.

In defendant’s motion, it points to plaintiffs website which states that Deutsch is a Massachusetts-based firm that has lawyers licensed to practice in several states.

The Court does recognize from defendant’s motion that the defendant (1) has no office in Massachusetts, (2) does not contract to do business here otherwise, and (3) has no officers who are from here or who have visited Massachusetts for NLI business.