Page, Tina S., J.
The plaintiff, Scottsdale Insurance Co. (“Scottsdale”), has filed a motion for a declaratory *46 judgment, asking this court to determine the rights of the parties under an insurance contract. The individual defendants now move to dismiss, claiming that this court lacks personal jurisdiction. All defendants move to dismiss on the ground that the courts of the Commonwealth are a forum non conveniens. For the reasons set forth below, the defendants’ motions are ALLOWED.
BACKGROUND
For the purposes of this motion, the court takes the allegations from the plaintiffs complaint as true. Passports, Inc. (“Passports”) is a Massachusetts corporation based in Spencer, Massachusetts. The company organizes overseas trips for high school students throughout the country. Scottsdale, with corporate headquarters in Scottsdale, Arizona, is its insurer.
In 2007, Angela DiMaggio contracted with Passports to lead a group of students from Mesa, Arizona on a European Highlights Tour. Andrew Morrissey signed on as a chaperone. Evan Bailey (“Evan”), then eighteen years old, was one of the approximately seventy-five students who traveled to Europe in DiMaggio’s group.
During the trip, behavioral problems developed within the group. While in Florence, Italy, a fight broke out between the American students and some Italian ■ men. Evan sustained serious injuries, was rendered temporarily comatose and unable to speak, and underwent emergency open brain surgery in Italy. He returned to the United States nineteen days later and has continued to undergo intensive medical care. Evan and his parents, James and Sandra Bailey (the “Baileys”), filed suit against Passports, DiMaggio and Morrissey in Arizona state court, alleging negligence, breach of contract, breach of express and implied warranties, misrepresentation and consumer fraud. The Baileys allege that DiMaggio and Morrissey failed to supervise the students and in fact encouraged them to drink and be disruptive. Scottsdale then filed the instant suit, seeking a declaratory judgment from a Massachusetts court to determine what coverage, if any, it owes Passports.
DISCUSSION
I. Personal Jurisdiction
A. The Massachusetts Longarm Statute, G.L.c. 223A, §3(a)
The Baileys, DiMaggio and Morrissey move to dismiss Scottsdale’s complaint for lack of personal jurisdiction under Mass.R.Civ.P. 12(b)(2).[2] Clearly, Massachusetts does not confer general jurisdiction over any of the individual defendants. Thus, this court must determine if the defendants’ contacts satisfy the “transacting business” clause of the Massachusetts Longarm Statute. G.L.c. 223A, §3(a). “Personal jurisdiction is limited to causes of action arising out of the business the person sought to be reached transacts in the State and does not extend to all persons transacting any business at all in the State.” New Hampshire Ins. Guar. Assoc. v. Markem Corp., 424 Mass. 344, 347 (1997), citing Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994), and Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 6 (1979). The Longarm Statute allows the Commonwealth to assert jurisdiction “over the person to the limits allowed by the Constitution of the United States.” Tatro, 416 Mass. at 771, citing Good Hope Indus., 378 Mass. at 6. “The inquiiy into jurisdiction is thus twofold and a court may assert jurisdiction only when both of the following questions are answered affirmatively: ‘(1) is the assertion of jurisdiction authorized by the statute, and (2) if authorized, is the exercise of jurisdiction under State law consistent with basic due process requirements mandated by the United States Constitution?’ ” Hahn v. Vermont Law Sch., 698 F.2d 48, 50 (1st Cir. 1983), quoting Good Hope Indus., 378 Mass. at 5-6.
Personal jurisdiction is satisfied as to DiMaggio. She contracted with Passports, a Massachusetts corporation with a usual place of business in Spencer, Massachusetts, to be a “Group Leader” for a Passports tour. She signed a contract that she sent to Passports in Spencer and she received compensation from Passports. DiMaggio sent trip deposits, which she collected as an agent of Passports, from some tour participants to Passports in Massachusetts. She corresponded with Passports by telephone to arrange the particulars of the tour, both before and during the trip. These contacts exceed the minimum required to meet the “transacting any business in the commonwealth” test of G.L.c. 223A, §3(a). See, Bond Leather Co., Inc. v. Q.T. Shoe Mfg. Co., Inc., 764 F.2d 928 (1st Cir. 1985) (mailing of four letters to and receiving one phone call from Massachusetts company sufficient to meet requirements of Longarm Statute); Hahn, 698 F.2d at 51 (sending application and acceptance letter to student in Massachusetts sufficient); Halchak Corp., Inc. v. Symbiot Bus. Group, Inc., 516 F.Sup.2d 149, 152 (D.Mass. 2007) (mailing one check to Massachusetts company sufficient).
The Baileys also satisfy the Longarm Statute. They signed a contract, sent to Passports in Massachusetts, which clearly states Passports’ address on its face. They additionally sent payments to Passports at its office in Spencer. As in Hahn and Halchak, these contacts are sufficient to meet the G.L.c. 223A, §3(a) standard.
The Baileys assert that their situation is analogous to New Hampshire Insurance, in which the court found that section 3(a) did not apply. In that case, Markem, an out-of-state corporation, contracted with American Mutual, a Massachusetts corporation, for an insurance policy. While some administrative operations occurred in Massachusetts, the court found that the contracting was done at an office that American Mutual had established in New Hampshire, that American Mutual was doing business in New Hampshire, and that Markem was reasonable in having assumed *47 it was doing business in New Hampshire. The court concluded that, in light of these actions by American Mutual, the fact that Markem mailed checks and claims to American Mutual in Massachusetts was “insufficient to establish personal jurisdiction under G.L.c. 223A, §3(a).” New Hampshire Ins. Guar. Assoc., 424 Mass. at 349.
The present case is easily distinguishable. Unlike American Mutual, Passports has not held itself out as an Arizona corporation or implied that, in contracting with Passports, the Baileys would be doing business in Arizona. Passports clearly indicated its Massachusetts address on the face of all of its documentation. The Baileys knew or should have known that they were doing business in Massachusetts when they contracted with Passports. The Baileys satisfy the requirements for personal jurisdiction under G.L.c. 223A, §3 (a).
Morrissey presents a more difficult question than the other individual defendants. His contacts with the Commonwealth were minimal, at best. However, his mailing an application to serve as “Chaperone” to Passports, his signing of a contract with Passports and his acceptance of consideration from Passports is sufficient to meet the “transacting any business” test.
B. Minimum Contacts Requirement of the United States Constitution
This court must next determine whether the individual defendants’ contacts with the Commonwealth satisfy federal due process standards. In order to meet Constitutional standards, “a defendant must have ‘minimum contacts’ with the forum state.” Cook v. Jenkins, 2008 WL 1819128 at *2 (D.Mass. 2008). The test to determine whether there are minimum contacts has three parts: 1) the contacts must be related to the claim, 2) they must be purposeful, and 3) personal jurisdiction must be reasonable under the circumstances. Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 135 (1st Cir. 2006).
This test is easily met as to DiMaggio and Morrissey. Their contacts are at the heart of the litigation and were purposeful, and, given their close association with Passports, jurisdiction is reasonable in the circumstances.
The Baileys argue that they did not have “minimum contacts” with Massachusetts. While the first and third prongs of the test are met, the second, purposeful availment, is a close issue. The Baileys argue that their dealings with Passports were primarily through DiMaggio in Arizona, the signed contract and deposit payment were given to DiMaggio, rather than mailed directly to Massachusetts, and their subsequent payments alone, sent to Passports in Massachusetts, are not enough to constitute purposeful availment. In Cook, the court held that, where the out-of-state defendants’ only contact with Massachusetts was three phone calls, placed by the plaintiff to the defendant, there was no purposeful availment. “Without evidence that the defendant actually reached out to the plaintiffs state of residence to create a relationship — say, by solicitation — the mere fact that the defendant willingly entered into a tendered relationship does not cany the day.” Cook, 2008 WL 1819128 at *2, quoting Phillips Exeter Acad. v. Howard Phillips Fund, 196 F.3d 284, 292 (1st Cir. 1999) (emphasis in original).
The current case is clearly distinguished from Cook. As described above, Passports made it clear, in its literature and contract, that it was a Massachusetts corporation and did not hold itself out as being based in Arizona. Unlike in Cook, the Baileys reached out to Massachusetts by contracting with and sending their payments to Passports. These actions are far more purposeful than the simple receipt of phone calls in Cook. The constitutional requirements of due process are met. Personal jurisdiction as to all defendants is proper.
II. Forum Non Conveniens
The defendants also move for dismissal on the ground of forum non conveniens. G.L.c. 223A, §5. The court may dismiss a case when it “finds that in the interest of substantial justice the action should be heard in another forum ...” Id. Specifically, the court “may decline to hear a case, if there is an alternative forum in which justice may be had, and if the balance of private and public concerns strongly favor the defendant’s motion.” Gianocostas v. Interface Group-Massachusetts, Inc., 450 Mass. 715, 723 (2008). “The decision to refuse to hear a case on the ground of forum non conveniens is left to the discretion of the trial judge.” Kearsarge Metallurgical Corp. v. Peerless Ins. Co., 383 Mass. 162, 168 (1981).
This court, in its discretion, finds Massachusetts to be an inconvenient forum for the parties. Arizona is an adequate alternative forum for the case. While the insurance contract between Passports and Scottsdale applies Massachusetts law, this is not a bar to the case being heard in the Arizona courts. The balance of public and private interests also weighs heavily in favor of dismissal. It is in Arizona’s interest to decide these insurance issues relating to a case being tried in its courts. On the private side, it is far more convenient for the Baileys and DiMaggio for the case to be tried in Arizona. The case shall be dismissed.
ORDER
For the foregoing reasons, it is hereby ordered that the defendants’ Motions to Dismiss be ALLOWED.

Passports concedes jurisdiction, but is willing to waive it.